UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

FAMOUS HORSE INC. d/b/a V.I.M

        Plaintiff,

v.

5th AVENUE PHOTO INC., M&B SUIT
WAREHOUSE, INC., I D-DEALZ, INC.,
MIKE BOUSKILA and MOSHE
BOUSKILA

        Defendants.

------------------------------------X



Judge Pauley

07 CIV 7818

Civil Action No.

COMPLAINT



RECEIVED
SEP 04 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## Complaint

Plaintiff, by and through its attorneys, and for its complaint against Defendants allege, on knowledge as to Plaintiff and otherwise upon information and belief, as follows:

### Nature of Action

1. This is an action for violation of the Lanham Act, breach of contract and breach of obligations under the UCC.

### Jurisdiction

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1338 with respect to the claims arising under the Lanham Act. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 (a).

3. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391 (b) and (c). This is the judicial district where a

substantial part of the events or omissions giving rise to the claims in this action took place.

## Parties

4. Plaintiff Famous Horse Inc. d.b.a. V.I.M. ("VIM") is a corporation organized under and by virtue of the laws of the State of New York with an office at 164-01 Jamaica Ave., Jamaica, NY 11432.
5. Plaintiff runs a chain of very successful brand name jean and sneaker retail stores throughout the New York area.
6. On information and belief, 5th Avenue Photo, Inc. ("5th Ave") is a New York corporation with its principal place of business at 402 Fifth Ave. New York, NY 10018.
7. On information and belief, Defendant M&B Suit Warehouse, Inc. ("M&B") is a corporation of the State of New York with its principal place of business located at 402 Fifth Avenue, New York, NY 10018.
8. On information and belief, Defendant ID Dealz, Inc. ("ID") is a corporation of New York with its principal place of business located at 1450 East 7th Street, Brooklyn, NY 11230.
9. On information and belief, Defendant Moshe Bouskila ("Moshe Bouskila") is a principal of 5th Avenue, M&B and ID having an address of 2056 East 21st, Brooklyn, NY 11229.
10. On information and belief, Defendant Mike Bouskila ("Mike Bouskila") is a principal of 5th Ave, M&B and ID having an address of 1450 East 7th Street, Brooklyn, NY 11230.
11. Defendants Moshe Bouskila and Mike Bouskila are the principals of 5th Ave, M&B, and I D, and were the conscious moving force behind this matter.
12. Plaintiff's reputation is based on offering name brand apparel at low prices. Plaintiff is specifically known for selling only genuine branded goods.

## Statements of Facts

13. Defendant Mike Bouskila, representing himself and Moshe Bouskila, 5th Ave, M&B, and ID, approached, Cathy Teima, Plaintiff's buyer, in 2006 and informed her that they had genuine Rocawear jeans for sale at low prices.
14. Defendant stated to Ms. Teima that the jeans were purchased from overstocked distributors of Rocawear.
15. Defendant was aware of Plaintiff reputation that it only purchases and sells genuine articles of merchandise.
16. Defendant knew that Plaintiff would refuse to purchase the Rocawear jeans if they knew that the jeans were not genuine.
17. Defendant asserted orally and in writing that the jeans were genuine.
18. Plaintiff, through Ms. Teima, bought the alleged Rocawear jeans from Defendants.
19. On information and belief, Defendants were aware during the time of the transaction with Plaintiff that the jeans were not genuine.
20. Defendants never informed Plaintiff that the jeans were not genuine.
21. Defendant delivered three orders of the jeans to Plaintiff on three separate occasions. On each occasion representing that the jeans were genuine Rocawear goods. The orders amounted to hundreds of thousands of dollars.
22. On information and belief, Defendants were aware that Plaintiff would rely on their statements and numerous representations that the goods at issue were genuine.
23. Plaintiff relied on such false and fraudulent representations and proceeded to sell these non genuine goods in their stores.
24. In September 2006, Plaintiff received a letter from the attorneys for Rocawear stating that the jeans sold to Plaintiff by Defendants were counterfeit.
25. Plaintiff argued, explaining that the supplier (Defendant) affirmatively stated the jeans were genuine. Plaintiff's counsel negotiated with Rocawear for months at Plaintiff's expense. Plaintiff demanded detailed explanation and evidence from

3

Rocawear the jeans were counterfeit. Over time and negotiation, Rocawear provided detailed explanation and evidence to that effect.

26. Plaintiff, at its own expense, removed the allegedly counterfeit jeans from its selling floor.

27. As a result of unknowingly selling these allegedly non genuine goods, Plaintiff has caused customers and potential customers to believe it is now selling counterfeited goods.

28. Plaintiff notified Defendants that they had violated their agreement to supply only genuine goods. Defendants have refused to return Plaintiff's money, take back the counterfeit jeans, reimburse for Plaintiff's attorney's fees in defending against Rocawear, pay the cost of the selling floor for the time it was occupied, pay the storage fee for holding the allegedly counterfeit jeans, or pay for the damage to Plaintiff's reputation and customer base.

## COUNT I

### False Designation of Origin

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30. This cause of action arises under the Lanham Act for false designation of origin.

31. Defendants falsely represented to Plaintiff that the origin of the goods sold to Plaintiff was genuine Rocawear jeans.

32. On information and belief, Defendants' misrepresentations as to the genuineness of the Rocawear jeans were made with the knowledge, by Defendants, that the Rocawear jeans were non genuine.

33. Defendants knew that Plaintiff had a reputation of only selling genuine goods, and only would purchase genuine goods.

34. Defendants made the false statements and presented the falsely designated goods in an effort to induce Plaintiff to purchase the counterfeit Rocawear goods.

35. Defendants' sale of counterfeit jeans to Plaintiff caused and will cause purchasers to believe Plaintiff was now selling counterfeit jeans.

36. Defendants have violated §43(a) of the Lanham Act as a result of selling counterfeit goods to Plaintiff.
37. Defendants' acts have caused damage and injury to Plaintiff's reputation and good will, including but not limited to monetary damage.
38. As a result of Defendants' false representations, Plaintiff has suffered damage to its goodwill, namely that Plaintiff has acquired an unwanted and unwarranted reputation for selling non counterfeit jeans to customers.

## COUNT II
### Trademark Infringement

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 as though fully set forth herein.
40. This cause of action arises under the Lanham Act as a result of Defendants' use of Plaintiff's VIM trademark (Registration 1,714,524).
41. On information and belief, Defendants stated and implied to its customers and prospective customers, and VIM's customers and potential customers, that VIM was a satisfied customer of its Rocawear jeans.
42. Defendants knew that Plaintiff was not a satisfied customer, and not even a customer after it received the non genuine Rocawear jeans.
43. Defendants' acts have caused confusion, damage, injury, and a likelihood of confusion as to Plaintiff's VIM mark.

## COUNT III
### Breach of Contract

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 as though fully set forth herein.
45. This cause of action arises under New York State law for Defendants' breach of their obligations as required under the purchase orders for the jeans.
46. Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.
47. Defendants agreed to supply only genuine goods to Plaintiff.

48. Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.
49. Defendant supplied Plaintiff with counterfeit goods.
50. Defendant breached their obligation as a result of their supplying non genuine goods to Plaintiff.
51. Defendants' acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.

### COUNT IV
#### Breach of Defendants' Obligations under UCC § 2-312

52. Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs 1 through 45 as though fully set forth herein.
53. This cause of action arises under New York State law for Defendants' breach of their obligations under UCC § 2-312.
54. Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.
55. Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.
56. Defendants supplied Plaintiff with non genuine goods.
57. Defendants breached their obligations under the UCC Warranty of Title and Against Infringement, namely that the goods were free from any rightful claims of trademark infringement.
58. Defendants' acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.
59. Plaintiff has suffered, is suffering and will continue to suffer harm and damage as a result of Defendants' aforesaid activities.

### DEMAND FOR A TRIAL BY JURY

WHEREFORE, Plaintiff demands:

I. That Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active

concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from false representing the source of any goods to Plaintiff and its customers and potential customers.

II. The Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from using the VIM trademark.

III. That Defendants be required to compensate Plaintiff for all damages sustained by Plaintiff by reason of the acts complained of herein and that the Court, in an amount not less than $3,000,000.00 (three million dollars):

   a. Award Plaintiff damages in an amount for the injuries Plaintiff sustained as a result of Defendants' acts complained of herein.

   b. Award punitive and exemplary damages sufficient to deter Defendants from similar conduct in the future;

   c. Require Defendants to pay Plaintiff for the costs of this action, including Plaintiff's reasonable attorneys' fees; and

   d. Require Defendants to pay to Plaintiff prejudgment and post-judgment interest at the applicable rates on all amounts awarded.

IV. That Defendants be required to disseminate corrective advertising, at Defendants' expense and upon Plaintiff's approval, that informs purchasers, the trade and the public at large that Plaintiff only sells genuine goods and/to require Defendants to pay all costs and expenses including Plaintiff's costs and expenses in producing and disseminating such corrective advertising;

V. That Defendants, within 30 days after service upon them of the judgment, file with the Court and serve upon Plaintiff a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction provisions of said judgment;

VI. That Plaintiff be accorded such other and further relief as the Court may deem just and proper.

7

Date: August 31, 2007

FELDMAN LAW GROUP, PC

By: _____
Kenneth S. Feldman (KSF 6003)
Attorneys for Plaintiff
12 East 41st Street
New York, NY 10017
(212) 532-8585