**THE LAW FIRM OF JEFFREY S. DWECK, P.C.**
Jeffrey S. Dweck, Esq. (JD-6658)
100 West 33rd Street – Suite 1017
New York, New York 10001
212-502-6150

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FAMOUS HORSE INC. d/b/a V.I.M.**, | Case No. 07-CV-7818 |
| **Plaintiff,** | (PAULEY, J.) |
| vs. | |
| **5TH AVENUE PHOTO INC., M&B SUIT WAREHOUSE, INC, I D-DEALZ, INC., NJ FRENCH KISS, INC., FLORENTIN FASHIONS, INC., MIKE BOUSKILA and MOSHE BOUSKILA,** | |
| **Defendants.** | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Cases**

24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC, S.D.N.Y.2003, 277 F.Supp.2d 356, 68 U.S.P.Q.2d 1031 ................................................................................................... 9
Brennan's Inc. v. Brennan's Rest., 360 F.3d 125, 130 (2d Cir.2004) ................................ 9
CBS Inc. v. Springboard Intern. Records, S.D.N.Y.1976, 429 F.Supp. 563, 199 U.S.P.Q. 422 ............................................................................................................................... 9
Champion Spark Plug Co. v. Sanders, U.S.N.Y.1947, 67 S.Ct. 1136, 331 U.S. 125, 91 L.Ed. 1386, 73 U.S.P.Q. 133. ....................................................................................... 5
DeCosta v. Viacom Intern., Inc., C.A.1 (R.I.) 1992, 981 F.2d 602, 25 U.S.P.Q.2d 1187, certiorari denied 113 S.Ct. 3039, 509 U.S. 923, 125 L.Ed.2d 725. ............................... 6
Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc., E.D.N.Y.1994, 841 F.Supp. 1339, 33 U.S.P.Q.2d 1961, reconsideration denied 847 F.Supp. 18, 33 U.S.P.Q.2d 1961.. 5
Federal-Mogul-Bower Bearings, Inc. v. Azoff, C.A.6 (Ohio) 1963, 313 F.2d 405, 136 U.S.P.Q. 500 ............................................................................................................... 10
Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., C.A.2 (N.Y.) 1986, 799 F.2d 867, 230 U.S.P.Q. 831 ........................................................................................................... 8
Louis Vuitton Malletier v. Dooney & Bourke, Inc., C.A.2 (N.Y.) 2006, 454 F.3d 108, 79 U.S.P.Q.2d 1481. .......................................................................................................... 9
Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ......................................... 3
Malletier v. Burlington Coat Factory Warehouse Corp.426 F.3d 532, 537 (2d Cir. 2005) ..... 9
Parkway Baking Co. v. Freihofer Baking Co., C.A.3 (Pa.) 1958, 255 F.2d 641,647, 117 U.S.P.Q. 426. ............................................................................................................... 8
Polaroid Corp. v. Polaroid Electronics Corp., 287 F.2d 492, 495 (2d Cir.1961) ................. 9

**Statutes**

15 U.S.C. §1114 ................................................................................................................ 4
15 U.S.C. §1125 ................................................................................................................ 6
28 U.S.C. §1338 ................................................................................................................ 4
28 U.S.C. 1367(a) ............................................................................................................. 4

**Rules**

F.R.C.P. Rule 12(b)(1) ...................................................................................................... 3
See F.R.C.P. 12(b)(1) ....................................................................................................... 3
See F.R.C.P. 12(b)(6) ....................................................................................................... 4

# Table of Contents

**Background and Summary of the Case** and **Summary of Grounds for Motion to Dismiss**

**The Federal Counts of the Complaint**

**Grounds for a Rule 12(b)(1) Motion: Lack of Subject Matter Jurisdiction**

**Grounds for a Rule 12(b)(6) Motion: Failure to State a Claim Upon Which Relief Can Be Granted**


**Legal Discussion**

**The Relevant Federal Statutes**

**I. Section 32 of the Lanham Act (15 U.S.C. §1114) (hereinafter "§1114")**

    The Basics of a Trademark Claim

**II.  Section 43(a) of the Lanham Act (15 U.S.C. §1125) (hereinafter "§1125")**

    Purpose of the Lanham Act (False Designation of Origin)

    Factors of a §1125 Claim

**More Prerequisites to Stating a Claim**

**The Requirement for Interstate Commerce In Particular**

**The Requirement That the Parties Are "Competitors"**

**Where This Case Really Belongs**

**Conclusion**

**Background and Summary of the Case**

**and**

**Summary of Grounds for Motion to Dismiss**

Simply put, this is a case under the Uniform Commercial Code ("UCC") and for alleged breach of warranty and misrepresentation whereby the plaintiff, a retailer in New York is suing a wholesaler (or middleman distributor) in New York for selling it allegedly counterfeit goods (allegedly bearing the trademark "Rocawear"). The retailer had been previously been sued (or sent a demand letter) by Rocawear under the Lanham Act. In that matter, the defendants participated in settling, likely to avoid the costs of litigation. Now the retailer seeks additional redress – it seeks a refund of its purchase price paid to the defendants (even though it likely sold some of the "allegedly counterfeit "Rocawear" clothing and profited therefrom). They also seem some consequential far-reaching damages relating to the claim "Rocawear" made against them.

For reasons solely to get through the doors of federal court, the present Amended Complaint is framed, in part, as a "Lanham Act" claim; but no Lanham Act violation exists. And to the extent the Amended Complaint tries to call it's claim a trademark claim, the Complaint fails to state almost every factor of such a claim.

**The Federal Counts of the Complaint:**

The relevant trademark counts in the Amended Complaint at issue are as follows:

**Count 1**

<u>False Designation of Origin</u>

48. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated

1

herein.

49. This cause of action arises under the Lanham Act § 1125 for false designation of origin.

50. Defendants falsely represented to Plaintiff that the origin of the goods sold to Plaintiff were genuine Rocawear jeans.

51. On information and belief, Defendant's misrepresentations as to the genuineness of the Rocawear jeans were made with the knowledge, by Defendants, that the Rocawear jeans were not genuine.

52. Defendants knew that Plaintiff had a reputation of only selling genuine goods, and would only purchase genuine goods.

53. Defendants made the false statements and presented the falsely designated goods in an effort to induce Plaintiff to purchase the counterfeit Rocawear goods.

54. Defendant's sale of counterfeit jeans to Plaintiff caused and will cause purchasers to believe Plaintiff is now selling counterfeit jeans.

55. Defendants have violated §43(a) of the Lanham Act as a result of selling counterfeit goods to Plaintiff.

56. Defendants' acts have caused confusion and mistake with Plaintiff's customers and suppliers and have caused damage and injury to Plaintiff's reputation and good will,

57. As a result of Defendant's false representations, Plaintiff has suffered damage to its goodwill, namely that Plaintiff has acquired an unwanted and unwarranted reputation for selling counterfeit jeans to customers.

## COUNT II

Trademark Infringement

58. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

59. This cause of action arises under the Lanham Act as a result of Defendant's use of Plaintiff's VIM trademark (Registration 1,714,524).

60. On information and belief, Defendants stated and implied to its customers and prospective customers, as well as VIM's customers and potential customers, and used the VIM trademark to advertise that VIM was a satisfied customer of its services and Rocawear jeans.

61. Defendant used Plaintiff's respected mark VIM and the VIM Trade Dress to promote its own business.

62. Defendant's acts have caused confusion, damage, injury, and a likelihood of the confusion persisting as to Plaintiff's VIM mark.

63. Upon information and belief, Defendants' acts have been done willfully and intentionally, with full knowledge of Plaintiff's trademark rights.

64. Defendants have improperly sold counterfeit goods with the support of the marks with intention to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate valuable trademark rights.

65. Defendant's said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## Grounds for a Rule 12(b)(1) Motion

## Lack of Subject Matter Jurisdiction

A case is properly dismissed for lack of subject matter jurisdiction pursuant to F.R.C.P. Rule 12(b)(1), when the district court does not have statutory or constitutional authority to adjudicate the matter. *See F.R.C.P. 12(b)(1).* A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).*

This case belongs in state court.  While framed as a Lanham Act claim because the goods at issue were allegedly counterfeit or trademark infringements, it is <u>not</u> the trademark holder suing, but a business looking to enforce its rights under the UCC and for alleged fraud.  Calling a claim a "Lanham Act" claim doesn't make it one.  Thus, this court lack subject matter jurisdiction.

### Grounds for a Rule 12(b)(6) Motion

### Failure to State a Claim Upon Which Relief Can Be Granted

Secondly, the Amended Complaint fails to state a claim as far as the federal counts go, as it fails on almost every prerequisite for the bringing of a Lanham act claim. *See F.R.C.P. 12(b)(6).*

### Legal Discussion

### The Relevant Federal Statutes

For the moment, we will leave aside the parallel state law claims brought in the Amended Complaint, as without federal subject matter jurisdiction, they would be moot.  The Complaint concedes that the primary basis of jurisdiction is 28 U.S.C. §1338 and that the state law claims are brought by virtue of supplemental jurisdiction under 28 U.S.C. 1367(a).

Dealt with in turn, the federal statutes relied upon in the Amended Complaint are:

**I. Section 32 of the Lanham Act (15 U.S.C. §1114) (hereinafter "§1114"):**

§ 1114. Remedies; infringement; innocent infringement by printers and publishers

    (1) Any person who shall, without the consent of the registrant--

        (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising

4

of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

(b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

...

### The Basics of a Trademark Claim

A trademark only gives the right to prohibit the use of it so far as to protect the owner's good will against the sale of another's product as his, and another may use the mark in a way that does not deceive the public. *See, e.g., Champion Spark Plug Co. v. Sanders, U.S.N.Y.1947, 67 S.Ct. 1136, 331 U.S. 125, 91 L.Ed. 1386, 73 U.S.P.Q. 133.*

Under the Lanham Act, registered service mark is infringed when a third party, without a registrant's consent, uses a reproduction or colorable imitation of that mark in commerce and such use is likely to cause consumer confusion. *See, e.g., Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc., E.D.N.Y.1994, 841 F.Supp. 1339, 33 U.S.P.Q.2d 1961, reconsideration denied 847 F.Supp. 18, 33 U.S.P.Q.2d 1961.*

Thus to win a trademark case, a plaintiff must show that he uses and thereby owns a trademark, that the defendants are using the same or a similar mark, and that defendant's use is likely to confuse public, and that all this harms the public. *DeCosta v. Viacom Intern., Inc., C.A.1 (R.I.) 1992, 981 F.2d 602, 25 U.S.P.Q.2d 1187, certiorari denied 113 S.Ct. 3039, 509 U.S. 923, 125 L.Ed.2d 725.*

The facts in the case at hand simply don't apply.  While the Amended Complaint alleges that "V.I.M." owns its mark, the defendants have not used the name or something similar to it, and certainly have not caused a likelihood that a consumer would be confused between what the <u>defendants</u> are alleged to have done (sold "Rocawear" goods) and what the <u>plaintiff</u> does (sells retail merchandise under the "V.I.M. Mark").

The best the Amended Complaint can do is claim that "Defendants have violated §43(a) of the Lanham Act as a result of selling counterfeit goods to Plaintiff" (¶55), which, of course, is insufficient in itself to form the basis of a trademark case in federal court, when the alleged counterfeiting had nothing to do to the with plaintiff's own trademark!

**II.  Section 43(a) of the Lanham Act (15 U.S.C. §1125) (hereinafter "§1125"):**

§ 1125. False designations of origin, false descriptions, and dilution forbidden

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

6

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.
>
> …
>
> (c) Dilution by blurring; dilution by tarnishment
>
>> (1) Injunctive relief
>>
>> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.
>>
>> …
>>
>> (4) Burden of proof

7

> In a civil action for trade dress dilution under this chapter for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that--
>
>> (A) the claimed trade dress, taken as a whole, is not functional and is famous; and
>>
>> (B) if the claimed trade dress includes any mark or marks registered on the principal register, the unregistered matter, taken as a whole, is famous separate and apart from any fame of such registered marks.
>
> ...

### Purpose of the Lanham Act (False Designation of Origin)

This provision of the Lanham Act was meant to prevent consumer confusion as to relationship between a trademark holder and its competitor and as to source of trademark holder's products, *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., C.A.2 (N.Y.) 1986, 799 F.2d 867, 230 U.S.P.Q. 831,* and, in part, "to promote fair business dealing and not to provide a windfall to an overly eager competitor." *Parkway Baking Co. v. Freihofer Baking Co., C.A.3 (Pa.) 1958, 255 F.2d 641,647, 117 U.S.P.Q. 426.*

A *sine qua non* of a Lanham Act claim is the use of an owner's mark in commerce or something similar to it. That is not the case according to the Amended Complaint. There are no misrepresentations or false statements made in connection with advertising or marketing of goods or services, nor confusion or likelihood of confusion as to the source, sponsorship, or association of the goods or services at issue, and thus no Lanham Act claim to be litigated in this case. The moving defendants sought not to advertise or market goods or services like those of V.I.M. (i.e. they're not in the retail business). Had, for example, the defendants operated a retail store and called it M.I.V., perhaps a claim would survive.

8

Even if these preliminary facts existed, and they don't, the test of trademark infringement fails miserably:

### Factors of a §1125 Claim

The primary factor of a §1125 claim is whether, when 2 competing trademarks are examined, a likelihood of confusion exists. *Louis Vuitton Malletier v. Dooney & Bourke, Inc., C.A.2 (N.Y.) 2006, 454 F.3d 108, 79 U.S.P.Q.2d 1481.*

Courts the apply the non-exclusive multi-factor test developed by Judge Friendly in *Polaroid Corp. v. Polaroid Electronics Corp., 287 F.2d 492, 495 (2d Cir.1961),* and consider: (1) the strength of the mark, (2) the similarity of the two marks, (3) the proximity of the products, (4) actual confusion, (5) the likelihood of plaintiff's bridging the gap, (6) defendant's good faith in adopting its mark, (7) the quality of defendant's products, and (8) the sophistication of the consumers. *See also, Brennan's Inc. v. Brennan's Rest., 360 F.3d 125, 130 (2d Cir.2004). See also, 24 Hour Fitness USA, Inc. v. 24/7 Tribeca Fitness, LLC, S.D.N.Y.2003, 277 F.Supp.2d 356, 68 U.S.P.Q.2d 1031.*

The entire test is inapplicable in this case.

For one thing, the similarity of the marks is a key factor in determining likelihood of confusion. *Malletier v. Burlington Coat Factory Warehouse Corp.426 F.3d 532, 537 (2d Cir. 2005).*

### More Prerequisites to Stating a Claim

If the failure to allege any Lanham Act claim weren't enough, to constitute actionable tort under this section, plaintiff must allege that "goods or services" are involved, that interstate commerce is affected and that there is false designation of origin or false description

9

or representation. *CBS Inc. v. Springboard Intern. Records, S.D.N.Y.1976, 429 F.Supp. 563, 199 U.S.P.Q. 422.*

### The Requirement for Interstate Commerce In Particular

The Amended Complaint alleges (¶5) that the plaintiff "runs a chain of over thirty very successful brand name jean and sneaker retail stores throughout the New York Area."

§1125 section provides a right of action to persons engaged in interstate and foreign commerce against deceptive and misleading use of common law trademarks and against deceptive and misleading use of words … where such misleading use is carried out, in the channels of interstate or foreign commerce. *Federal-Mogul-Bower Bearings, Inc. v. Azoff, C.A.6 (Ohio) 1963, 313 F.2d 405, 136 U.S.P.Q. 500.*

### The Requirement That the Parties Are "Competitors"

The Amended Complaint also fails on the factor requiring that the parties be in competition. By the Complaint's own language, the parties were involved in a buyer-seller relationship. This defeats the key factor of competitiveness.

### Where This Case Really Belongs

This is a state court claim by a disgruntled retailer who is looking to blame a distributor for goods it was unhappy with. There is no similarity between any marks being used, and the plaintiff does not even have standing to sue for "Rocawear," the <u>real</u> trademark at issue here.

### Conclusion

On the basis of the foregoing, the plaintiff respectfully requests that this Court dismiss the Counterclaims in their entirety, together with costs and such other relief as this Court may deem just and proper.

Dated:        New York, New York
              February 29, 2008

                                              Respectfully,

                                              /s/ Jeffrey Dweck

                                              Jeffrey Dweck (JD 6658)
                                              THE LAW FIRM OF JEFFREY S. DWECK, P.C.
                                              100 West 33rd Street, 10th Floor
                                              New York, New York 10001
                                              (212) 502-6150
                                              **Attorneys for Defendants**

                                              5th Avenue Photo Inc.,
                                              M&B Suit Warehouse, Inc.,
                                              I D-Dealz, Inc.,
                                              Mike Bouskila and
                                              **Moshe Bouskila**


**To:**   Feldman Law Group
          121 East 41st Street
          New York, New York 10017

          Attention: Kenneth S. Feldman, Esq.

11