**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

**FAMOUS HORSE INC. d/b/a V.I.M**

             **Plaintiff,**

             **No. 07-cv-7818**

      **V.**

**5th AVENUE PHOTO, INC., M&B SUIT**
**WAREHOUSE, INC., I D-DEALZ, INC.,**
**N J FRENCH KISS, INC., FLORENTIN**
**FASHIONS, INC., MIKE BOUSKILA**
**And MOSHE BOUSKILA**

             **Defendants.**

_____X

## PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

### PRELIMINARY STATEMENT

Plaintiff Famous Horse Inc. respectfully submits this memorandum of Law in opposition to the motion of Defendants for an order, pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (b) (6), dismissing the amended complaint in its entirety[1] for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. For the reasons described below, the motion should be denied.

---

[1] Defendants' Notice of Motion actually states it seeks "an order dismissing Defendant's Counterclaim". However, Plaintiff herein treats this as a motion to dismiss the Counts of the amended complaint referenced in Defendants' Memorandum.

1

**INTRODUCTION**

The Court should deny Defendants' motion to dismiss because the amended complaint states a clear basis for violations of the Lanham Act, and the concomitant Federal Jurisdiction.

The amended complaint establishes a claim for trademark infringement through allegations presumed true under rule 12(b)6 and therefore supports federal subject matter jurisdiction. Defendants misconstrue the pleadings, misinterpret the controlling case law, and baldly deny the facts, to argue that the amended complaint does not support subject matter jurisdiction or state a claim upon which relief can be granted. There is no basis under the procedures of rule 12 (1) and (6) for any of these grounds for dismissal.

**ARGUMENT**

**The Court Should Deny Defendants' Motion**

Plaintiff's plausible allegations of trademark infringement and false designation confer Jurisdiction and state a Federal Claim against Defendants. Neither Defendants' inaccurate analysis of the allegations of the amended complaint, nor its blanket denial of some of them, support a Rule 12 dismissal.

**Point I**

**Plaintiff's Claims Confer Federal Jurisdiction**

A motion to dismiss under 12(b) (1) has to state at least some grounds why there is allegedly no jurisdiction. Plaintiff has stated effective causes of action under the Lanham Act in Counts I and II and has described them sufficiently under the Lanham Act

to support jurisdiction under these Counts. Defendants present no ground in law or fact to controvert this.

Defendants erroneously argue that Plaintiff lacks jurisdiction to bring a cause of action because it lacks standing to assert infringement for the goods at issue (p.4 of Defendants' memorandum in support of Motion To Dismiss hereinafter "Defendants' Memo"). However, Plaintiff is suing under its trademark registration for the mark V.I.M.[2] The registered mark is for retail clothing services featuring jeans, T-shirts, jackets, shoes, tops, shirts and blouses. This satisfies its burden to show subject matter jurisdiction.

The amended complaint alleges the VIM trademark is owned and associated with Plaintiff (pars. 24 and 25 of the amended complaint attached as **Exhibit A**), that Defendants falsely stated to customers, potential customers, suppliers and potential suppliers of Defendants and Plaintiff that they (Defendants) are associated with the marks e.g. the VIM mark. (par. 29 and 47 of the amended complaint). Count II of the amended complaint alleges that Defendants used Plaintiff's VIM mark to promote its own business and infringed Plaintiff's VIM Mark. (see pars. 60,61 and 62 of the amended complaint).

Defendants cite no precedent for dismissing such a case on jurisdictional grounds. Defendants' only purported legal support involves a Plaintiff who's claim was legally barred by statute. *Makarova v. United States 201 F. 3d 110, 113 (2nd Cir 2000)* (Defendants' memo p. 3 last line) Not only is Plaintiff's claim here not so barred, it contains a federal trademark registration, and it is specifically authorized by federal statute.

---

[2] The correct registration number for the mark V.I.M. is 2,303,257 and a copy of it is attached hereto as **Exhibit B.** The registration number was due to a typographical error referred to as 1,714,524. in the amended complaint at par. 58.

Thus, Defendant's Motion to Dismiss under 12 (b) (1) for lack of standing is in conflict with the Lanham Act, and refuted by the clear pleaded allegations in the amended complaint. Plaintiff has alleged federal question Jurisdiction for Trademark Infringement and Lanham Act violations. Plaintiff has alleged its federally registered mark VIM has been infringed by use of the same VIM Mark by the Defendants as stated in the amended complaint. Subject matter jurisdiction does exist for the causes of action alleged in Counts I and II of the amended complaint. The mark being infringed is owned by Plaintiff and is a federally registered mark and infringed by Defendants. Therefore, Plaintiff does have standing to bring suit in Federal Court under the Lanham Act.

### Point II

### Defendant's Motion To Dismiss Under 12(b)(6) Is Baseless

Plaintiffs' amended complaint alleges Defendants misused Plaintiff's trademark to sell clothing products, after falsely designating other such products they sold to Plaintiffs. Defendants' claim that these allegations are insufficient is incorrect factually and legally. There is no basis for dismissal.

Defendants make statements of purported failures in the pleadings which are themselves factually incorrect. For instance, Defendants state that Plaintiff must allege it owns and uses a trademark, and that the Defendants used it or a similar mark in a way likely to confuse the public. Defendants then allege "the facts in this case simply do not apply" (Defendants' memo p. 6, line 6). Yet not only are these facts clearly alleged in the amended complaint, but Defendants admit Plaintiff's mark and registration in the next

4

line, contradicting the prior statement. Id. Lines 6-7.[3]   Count II describes the Defendants'

use of Plaintiff's VIM mark.  (See Amended Complaint attached as **Exhibit A**)

Defendants also state that "There are no misrepresentations or false statements

alleged in connection with advertising or marketing of goods or services, nor confusion

or likelihood of confusion as to the source, sponsorship, or association for the goods or

services at issue, and thus no Lanham Act claim to be litigated in this case." (Defendants'

memo p. 8 lines 16-20)

Yet Defendants reproduce Counts I and II of the amended complaint in their brief.

(Defendants' memo p. 1-3) and Plaintiff describes the false statements in Count I.

Paragraph 53 of Count I states: "Defendants made the false statements and presented the

falsely designated goods in an effort to induce Plaintiff to purchase the counterfeit

Rocawear goods". (**Exhibit A**) The amended complaint also pleads that Defendants

falsely designated the origin of NorthFace goods in 1994 (paragraph 30), and falsely

designated the origin of Rocawear goods later (paragraphs 31, 34, 36-40). (**Exhibit A**)

Court II alleges that there was promotion and sales of Defendants counterfeit goods with

the improper use of Plaintiff's VIM mark which is trademark infringement, and clearly a

type of false representation. (**Exhibit A**)

Defendants further claim that the counts of the complaint do not plead certain

"factors" which Defendants contend are "prerequisites to stating a claim", namely

alleging that: goods or services are involved, interstate commerce is affected, the parties

are "competitors", and the Polaroid factors are met. Defendants cites no case law for

---

[3] Like many of Defendants formulations, it is uncertain whether Defendants are claiming deficiencies in allegations plead or merely denying the facts themselves as per denials Defendants intend to plead in an Answer to the amended complaint. Such denials are not at issue in a motion to dismiss. (see  argument at page 7-9 *infra*)

these contentions. Moreover, Plaintiff either alleges these factors or they are unnecessary allegations. Plaintiff alleges "goods" involved in both Counts I and II. Plaintiff alleges Defendants actions violate its rights under the Lanham Act, which provides and protects federal interstate rights, so there is no need to specifically alleged commerce between the states.

Finally, as to being "competitors", there is no requirement for such a specific statement in a complaint under the Lanham Act. Defendants final allegation concerns § 1125, and the Polaroid test. *Polaroid v. Polarad Electronics Corp., 287 F.2d 492 (2nd Cir. 1961).* This is also not in point. The Polaroid test is inapplicable to a motion to dismiss; it is applicable to the issue of likelihood of confusion at trial.

Defendants neither cite nor analyze the allegations of the amended complaint under the correct legal principles. The purpose of a 12(b)(6) motion is to test the sufficiency of the allegations of a compliant, where all the allegations are taken as true. As the Second Circuit recently stated:

> "A decision that a complaint fails to state a claim on which relief can be granted is a ruling of law, (citations omitted) and we review such a decision de novo, (citations omitted) We, like the district court, must accept as true all of the factual allegations set out in Plaintiff's complaint, draw inferences from those allegations in the light most favorable to Plaintiff, and construe the complaint liberally. (internal quotation marks omitted). And whatever documents may properly be considered in connection with the Rule 12(b)(6) motion, the bottom-line principle is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Citing *Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007)* (" Twombly "). *Roth v. Jennings, 489 F.3d 499,509-510 (2nd Cir. 2007)."*

As the Supreme Court has recently stated, factual allegations merely must be

"…enough to raise a right to relief above the speculative level on the assumption that all

of the complaint's allegations are true". *Bell Atlantic v. Twombly 127 S.Ct.1955, at 1959 (2007)*. The Court explained that the requirement of plausible grounds, "…does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [sufficient] evidence". *Id*

In this context, almost all of Defendants' legal analysis is based on incorrect, if implicit, legal standards. Defendants' memo frequently references Plaintiff's burden at trial, or the parties' factual disputes, to argue for 12 (b) (6) dismissal.

What Plaintiff must prove at trial to win a trademark case, is not the requirement for stating a trademark cause of action under 12(b) (6), under a well pleaded complaint standard. When Defendants state "thus to win a trademark case a Plaintiff must show that he uses and thereby owns a trademark, and that the Defendants are using the same or similar mark, and that Defendant's use is likely to confuse the public, and that all this harms the public", (Defendants' memo p. 6 first paragraph, emphasis supplied) they are applying the incorrect standard for this motion. The burden Plaintiff must meet at trial, is not relevant to whether Plaintiff's amended complaint states a claim.

Similarly, Defendants' denial of certain allegations are not to the point of a Rule 12 (b) (6) inquiry. Defendants' counsel writes in the memo that Plaintiff is wrong, that Defendants never used the trademarks, and caused no likelihood of confusion. If believed in good faith, Defendants' attorney's counterstatement of fact belongs in an Answer, not a 12(b) (6) motion to dismiss. In this context it is irrelevant, and renders the motion certainly insufficient since at the very least there is a factual dispute to be resolved through the discovery process and not by accepting Defendants' version of contested

7

facts. The standard required is simply that there is plausibility that the Plaintiff could prove its allegations, which are presumed true.

To the extent that the Court finds that Count I and II do not clearly state a claim upon which relief can be granted, it is respectfully requested that Plaintiff be granted leave to amend the complaint to more clearly articulate its causes of action. We also respectfully request an opportunity to respond if Defendants cite additional lines of legal precedent in its Reply Memorandum.

### Conclusion

Plaintiff's complaint states causes of action under the Lanham Act, accepted as true for this motion, and federal subject matter jurisdiction exists for the counts in the amended complaint Defendants attack.  Defendants motion under 12 b(1) and 12b(6) should be denied.

Dated March 21, 2008

FELDMAN LAW GROUP, P.C.

BY: _____
Kenneth S. Feldman (KSF 6003)
Attorneys for the Plaintiff
12 East 41st Street
New York, NY 10017
(212) 532-8585

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— X

FAMOUS HORSE INC. d/b/a V.I.M

    :

       **Plaintiff,**       :        **No. 07 CIV 7818 (WHP)**

      v.            :

5th AVENUE PHOTO INC., M&B SUIT  :
WAREHOUSE, INC., I D-DEALZ, INC.,
N J FRENCH KISS, INC., FLORENTIN  :
FASHIONS, INC., MIKE BOUSKILA
and MOSHE BOUSKILA

                    :        **AMENDED COMPLAINT**
                             **JURY DEMAND**

       **Defendants.**     :

———————————————————— X

### AMENDED COMPLAINT

Plaintiff, by and through its attorneys, and for its complaint against Defendants allege, on

knowledge as to Plaintiff and otherwise upon information and belief, as follows:

#### Nature of Action

1. This is an action for violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C.

§§1114,1125 for: violation of New York General Business Law; infringement of

trademarks registered in the United States Patent and Trademark Office; infringement of

trade dress and violation of the common law of the States of New York and New Jersey

regarding unfair competition; and breach of contract and breach of obligations under the

UCC.

## Jurisdiction

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1338 with respect to the claims arising under the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (a) and diversity jurisdiction with regard to the claims concerning the New Jersey Defendants.

3. Venue is proper in the United States District Court for the Southern District of New York under U.S.C. § 1391 (b) and (c). This is the judicial district where a substantial part of the events or omissions giving rise to the claims in this action took place.

## The Parties

4. Plaintiff Famous Horse Inc. d.b.a. V.I.M. (VIM) is a corporation organized under and by virtue of the laws of the State of New York with an office at 164-01 Jamaica Ave., Jamaica, N.Y. 11432.

5. Plaintiff runs a chain of over thirty very successful brand name jean and sneaker retail stores throughout the New York area.

6. Plaintiff's reputation is based on offering name brand apparel at low prices.

7. Plaintiff is specifically known for selling only genuine branded goods.

8. On May 11, 1999, Florentin Fashions ("Florentin") was incorporated in New Jersey with Defendant Moshe Bouskila as the principal registered officer and agent.

9. One month later, on June 16, 1999, the Paterson, New Jersey apparel store Florentin Fashions was renamed N J French Kiss, Inc. and incorporated with the registering Agent listed as Sabi Chata, although on information and belief Defendant Moshe Bouskila is the true owner and Florentin Fashions is operating from the same location. Florentin Fashions and N J French Kiss are hereinafter designated "The New Jersey Defendants."

2

Case 1:07-cv-07818-WHP    Document 15    Filed 02/08/2008    Page 3 of 13

10. On information and belief, Defendant N J French Kiss, Inc. ("French Kiss") is a New Jersey corporation with its principal place of business located at 268 Main Street, Paterson, NJ 07505.

11. On information and belief, Defendant M&B Suit Warehouse, Inc. ("M&B") is a corporation of the State of New York with no known place of business.

12. On information and belief, M&B lists 402 Fifth Avenue, New York, NY 10018 as its address on bills but on information and belief, it is in the same location as Florentin Fashions.

13. On information and belief, Defendant ID Dealz, Inc. ("ID") is a corporation of New York with no known place of business but is allegedly located at 1450 East 7th Street, Brooklyn, NY 11230. On information and belief its operating location, if any, is the same New Jersey location as Florentin Fashions, Inc. and N J French Kiss, Inc.

14. Florentin Fashions and/or Defendant French Kiss, its successor in New Jersey, both sold and presently sell clothing. On information and belief, 5th Avenue Photo, Inc. ("5th Ave") is a New York corporation with its principal place of business at 402 Fifth Ave. New York, NY 10018. 5th Avenue is principally in the business of selling cameras and film but purportedly invoices jeans through Defendant M&B Warehouse and/or Defendant ID Dealz which on information and belief reflect sales from the New Jersey Defendants and the individual Defendants.

15. The New Jersey Defendants and their owner are the only Defendants that sold and are selling clothing and especially jeans, which they do at their stores located in New Jersey.

16. On information and belief, the prime entities which sold Plaintiff the counterfeit jeans in this case were the New Jersey defendants and their owner Moshe Bouskila.

17. On information and belief, Defendant Moshe Bouskila ("Moshe Bouskila") is a principal of 5th Avenue, M&B, ID, Florentin and French Kiss and several additional corporations, having an address of 286 Main Street, Paterson, New Jersey 07505.

Case 1:07-cv-07818-WHP   Document 15   Filed 02/08/2008   Page 4 of 13

18. On information and belief, Defendant Mike Bouskila ("Mike Bouskila") is a principal of 5th Ave, M&B, ID and Florentin having an address of 1450 East 7th Street, Brooklyn, NY 11230.

19. Defendants Moshe Bouskila and Mike Bouskila are the principals of 5th Ave, M&B and ID, Florentin and French Kiss, and were the conscious moving force behind this matter.

20. Upon information and belief, Defendant Moshe Bouskila has been using as many as four separate social security numbers for various purposes. One of the numbers belongs to his spouse or ex-spouse.

21. Upon information and belief, Defendant Moshe Bouskila is also known as (a.k.a.) Morris Bouskila.

## Statements of Facts

22. VIM has been continuously distributing, displaying, promoting and selling genuine brand clothing since it started.

23. As a result of the foregoing sales and promotional efforts, clothing for VIM has come to be associated with genuine branded goods.

24. The trademark VIM (hereinafter the "VIM trademark") has become associated in the public mind with such genuine branded goods and Plaintiff's distinctive services in selling them.

25. Plaintiff has become famous for its trade dress: large sparsely adorned stores with simple displays selling principally genuine top of the line brand name sneakers and jeans at very low prices (hereinafter the "VIM trade dress").

26. Plaintiff has promoted and advertised the trade dress and the public has come to recognize such dress as indicating Plaintiff as the source of the particular services and products described.

27. Customers, sellers, and potential customers and sellers think of Plaintiff's trade dress as indicative of this particular source for genuine top of the line brand name jeans and sneakers.

28. Defendant Mike Bouskila, representing himself and Moshe Bouskila, approached Plaintiff's buyer, Ms. Tiema, in 2006 and informed her that they had genuine Rocawear jeans for sale at low prices. Rocawear is a well known trademark associated with the famous rap artist and businessman Jay-Z (hereinafter the "Rocawear trademark").

29. The Rocawear Trademark, the VIM Trademark and the VIM trade dress are hereinafter referred to collectively as "the Marks".

30. The Defendant was suspicious of Mr. Bouskila and his companies, including Florentin, since they had sold them counterfeit North Face goods in 2004.

31. Upon questioning from Plaintiff the buyer informed Ms. Tiema and reassured her that the jeans were purchased from overstocked distributors of Rocawear and identified the suppliers.

32. There was reason to believe the goods were genuine. Defendant was aware of Plaintiff's reputation for purchasing and selling only genuine articles of merchandise.

33. Defendant knew that Plaintiff would refuse to purchase the Rocawear jeans if they knew or suspected that the jeans were not genuine.

34. Defendant asserted both orally and in writing that the jeans were genuine.

35. Plaintiff, through Ms. Tiema, bought the alleged Rocawear jeans from Defendants.

36. On information and belief, at the time of the transaction with Plaintiff, Defendants were aware that the jeans were not genuine and were counterfeit.

37. Defendants never informed Plaintiff that the jeans were not genuine. In bad faith Defendants informed Plaintiff that the jeans were in fact genuine.

38. Defendants delivered three orders of jeans to Plaintiff on three separate occasions. On each occasion the Defendants represented that the jeans were genuine Rocawear goods. The orders amounted to hundreds of thousands of dollars.

39. On information and belief, Defendants were aware that Plaintiff would rely on their statements and numerous representations that the goods at issue were genuine.

40. Plaintiff relied on Defendants' false and fraudulent representations and proceeded to sell these non genuine goods in their stores.

41. In September 2006, Plaintiff received a letter from the attorneys for Rocawear stating that the jeans sold to Plaintiff by Defendants were counterfeit..

42. Plaintiff argued, explaining that the supplier (Defendant) affirmatively stated the jeans were genuine. Plaintiff's counsel negotiated with Rocawear for months at Plaintiff's expense. Plaintiff demanded detailed explanation and evidence from Rocawear that the jeans were counterfeit. Over time and negotiation, Rocawear provided detailed explanation and evidence to that effect.

43. Plaintiff has preplanned selling space in each store for goods.

44. Plaintiff maintains no inventory reserves in its stores other than the inventory on its selling floors.

45. As a result of Defendant's fraudulent misrepresentations, Plaintiff was forced to remove the allegedly counterfeit jeans from its selling floors leaving vacant space in its stores. There is no way that replacement goods could be obtained before the pre-established date for delivery of the goods..

46. As a result of unknowingly selling these allegedly non genuine goods, Plaintiff has caused customers and potential customers to believe it now sells counterfeit goods.

47. Defendants have falsely stated to customers, potential customers, suppliers and potential suppliers of both Defendants and Plaintiff, that Plaintiff is a satisfied customer of Defendants, and that they are associated with the marks.

### Count 1

### False Designation of Origin

48. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

49. This cause of action arises under the Lanham Act § 1125 for false designation of origin.

50. Defendants falsely represented to Plaintiff that the origin of the goods sold to Plaintiff were genuine Rocawear jeans.

51. On information and belief, Defendant's misrepresentations as to the genuineness of the Rocawear jeans were made with the knowledge, by Defendants, that the Rocawear jeans were not genuine.

52. Defendants knew that Plaintiff had a reputation of only selling genuine goods, and would only purchase genuine goods.

53. Defendants made the false statements and presented the falsely designated goods in an effort to induce Plaintiff to purchase the counterfeit Rocawear goods.

54. Defendant's sale of counterfeit jeans to Plaintiff caused and will cause purchasers to believe Plaintiff is now selling counterfeit jeans.

55. Defendants have violated §43(a) of the Lanham Act as a result of selling counterfeit goods to Plaintiff..

56. Defendants' acts have caused confusion and mistake with Plaintiff's customers and suppliers and have caused damage and injury to Plaintiff's reputation and good will.

57. As a result of Defendant's false representations, Plaintiff has suffered damage to its goodwill, namely that Plaintiff has acquired an unwanted and unwarranted reputation for selling counterfeit jeans to customers.

## COUNT II

### Trademark Infringement

58. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

59. This cause of action arises under the Lanham Act as a result of Defendant's use of Plaintiff's VIM trademark (Registration 1,714,524).

60. On information and belief, Defendants stated and implied to its customers and prospective customers, as well as VIM's customers and potential customers, and used the VIM trademark to advertise that VIM was a satisfied customer of its services and Rocawear jeans.

61. Defendant used Plaintiff's respected mark VIM and the VIM Trade Dress to promote its own business.

62. Defendant's acts have caused confusion, damage, injury, and a likelihood of the
confusion persisting as to Plaintiff's VIM mark.

63. Upon information and belief, Defendants' acts have been done willfully and
intentionally, with full knowledge of Plaintiff's trademark rights.

64. Defendants have improperly sold counterfeit goods with the support of the marks
with intention to cause confusion and mistake, to deceive and mislead the
purchasing public and to improperly appropriate valuable trademark rights.

65. Defendant's said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III

### Unfair Competition

66. Every paragraph of this Complaint is hereby incorporated into this count as if
separately stated herein.

67. Plaintiff has never authorized Defendants to sell clothing under the Rocawear
mark.

68. Upon information and belief, Defendants' act of selling counterfeit clothing under
the trademark and trade dress of the VIM mark has been done willfully and
intentionally, with full knowledge of Rocawear's trademark rights and potential
damage to Plaintiff.

69. Defendant's continuation of infringing acts have caused and will cause confusion,
deception, irreparable harm and injury to Plaintiff, its customers and suppliers,
and Plaintiff has no adequate remedy at law.

## COUNT IV

### Common Law Trademark Infringement

70. Every paragraph of this Complaint is hereby incorporated into this count as if
separately stated herein.

71. This cause of action arises under the law of the States of New York and New
Jersey.

72. Defendants have affixed, applied and used in connection with the sale of goods,
representations of the trademark Rocawear and have caused such goods to enter

into commerce in the United States, and the States of New York and New Jersey,
to Plaintiff's detriment.

73. Defendants have improperly sold goods bearing the Rocawear mark with the
intent to cause confusion and mistake, to deceive and mislead the purchasing
public and to improperly appropriate the valuable trademark rights of Rocawear
and goodwill of Plaintiff.

74. The acts Plaintiffs describe herein were undertaken without permission, license or
consent of the rightful owners of the trademark and are damaging to the Plaintiff.

75. Plaintiff has no adequate remedy at law and is suffering irreparable harm.

## COUNT V

### Common law unfair competition

76. Every paragraph of this Complaint is hereby incorporated into this count as if
separately stated herein.

77. As a result of Defendant's improper sales in the United States of counterfeit
goods, the purchasing public is likely to buy Defendant's products in the
erroneous belief that they are authorized or endorsed by the Plaintiff.

78. Upon information and belief, Defendants have intentionally misappropriated the
marks with the intention of causing confusion, mistake and deception among
consumers and the trade as to the source of the goods and with the intent to
unfairly profit from Plaintiff's unsuspecting goodwill.

79. As a result, of the foregoing, defendant's actions constitute unfair competition
which has had, and will continue to have, a detrimental effect on the general
consuming public in violation of the common law of the States of New York and
New Jersey.

## COUNT VI

### Trade Dress Infringement

80. Every paragraph of this Complaint is hereby incorporated into this count as if
separately stated herein.

81. This cause of action arises under the Lanham Act.

82. Plaintiff's trade dress is large unadorned stores selling top of the line brand name jeans and sneakers at extremely low prices.

83. Defendant's actions infringes and damages Plaintiff's trade dress by selling Plaintiff counterfeit goods that Plaintiff sold in its stores.

84. Plaintiff's customers purchased the counterfeit goods which caused confusion and mistake to Plaintiff's customers and suppliers and damaged Plaintiff's reputation.

## COUNT VII

### Breach of Contract

85. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

86. This cause of action arises under New York state law for Defendants' breach of their obligations as required under the purchase orders for the jeans.

87. Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.

88. Defendants agreed to supply only genuine goods to Plaintiff.

89. Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.

90. Defendant supplied Plaintiff with counterfeit goods.

91. Defendant breached their obligation as a result of their supplying non genuine goods to Plaintiff.

92. Defendant's acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.

## COUNT VIII

### Breach of Defendant's Obligations under UCC § 2-312

93. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

94. This cause of action arises under New York State law for Defendants' breach of their obligations under UCC § 2-312.

95. Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.

96. Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.

97. Defendants supplied Plaintiff with non genuine goods.

98. Defendants breached their obligations under the UCC Warranty of Title and Against Infringement, namely that the goods were free from any rightful claims of trademark infringement.

99. Defendants' acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.

100.    Plaintiff has suffered, is suffering and will continue to suffer harm and damage as a result of Defendants' aforesaid activities.

101.    Plaintiff notified Defendants that they had violated their agreement to supply only genuine goods. Defendants have refused to return Plaintiff's money, take back the counterfeit jeans, reimburse for Plaintiff's attorney's fees in defending against Rocawear, pay the cost of the selling floor for the time it was occupied, pay the storage fee for holding the allegedly counterfeit jeans, or pay for the damage to Plaintiff's reputation and customer base.

<u>DEMAND FOR A TRIAL BY JURY</u>

WHEREFORE, Plaintiff demands:

I.  That Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from falsely representing the source of any goods to Plaintiff and its customers and potential customers.

II.  The Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from using the VIM trademark or

11

trade dress. Until Defendants are enjoined from further misappropriation of Plaintiff's goodwill, Plaintiff will suffer substantial, ongoing and irreparable harm.

III.  That Defendants be required to compensate Plaintiff for all damages sustained by Plaintiff by reason of the acts complained of herein and that the Court, in an amount not less than $3,000,000.00 (three million dollars):

    a.  Award Plaintiff damages in an amount for the injuries Plaintiff sustained as a result of Defendants' acts complained of herein.

    b.  Award punitive and exemplary damages sufficient to deter Defendants from similar conduct in the future;

    c.  Require Defendants to pay Plaintiff for the costs of this action, including Plaintiff's reasonable attorneys' fees; and

    d.  Require Defendants to pay to Plaintiff prejudgment and post-judgment interest at the applicable rates on all amounts awarded.

IV.  That Defendants be required to disseminate corrective advertising, at Defendants' expense and upon Plaintiff's approval, that informs purchasers, the trade and the public at large that Plaintiff only sells genuine goods and/to require Defendants to pay all costs and expenses including Plaintiff's costs and expenses in producing and disseminating such corrective advertising.

V.  That Defendants, within 30 days after service upon them of the judgment, file with the Court and serve upon Plaintiff a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctive provisions of said judgment.

VI.  That Plaintiff be accorded such other and further relief as the Court may

deem just and proper.

Date: February 8, 2008

FELDMAN LAW GROUP, PC

BY: _____

Kenneth S. Feldman (KSF 6003)

Attorneys for the Plaintiff

12 East 41st Street

New York, NY 10017

(212) 532-8585

# EXHIBIT B

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on** 2008-03-21 18:20:59 ET

**Serial Number:** 74221718 <u>Assignment Information</u>         <u>Trademark Document Retrieval</u>

**Registration Number:** 1714524

**Mark**



**(words only):** V.I.M.

**Standard Character claim:** No

**Current Status:** Registration canceled under Section 8.

**Date of Status:** 2003-06-14

**Filing Date:** 1991-11-15

**Transformed into a National Application:** No

**Registration Date:** 1992-09-08

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 13

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 900 -File Repository (Franconia)

**Date In Location:** 1998-08-17

---

### LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Famous Horse, Inc.

**Address:**
Famous Horse, Inc.
470 Kent Avenue

Brooklyn, NY 11211
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

### GOODS AND/OR SERVICES

---

**International Class:** 042
**Class Status:** Section 8 - Cancelled
retail clothing and shoe store services
**Basis:** 1(a)
**First Use Date:** 1972-03-01
**First Use in Commerce Date:** 1972-03-01

---

### ADDITIONAL INFORMATION

---

**Prior Registration Number(s):**
1096338

---

### MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

### PROSECUTION HISTORY

---

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2003-06-14 - Canceled Section 8 (10-year)/Expired Section 9

1998-07-17 - Section 8 (6-year) accepted & Section 15 acknowledged

1998-05-01 - Section 8 (6-year) and Section 15 Filed

1992-09-08 - Registered - Principal Register

1992-06-16 - Published for opposition

1992-05-15 - Notice of publication

1992-02-07 - Approved for Pub - Principal Register (Initial exam)

1992-01-28 - Assigned To Examiner

---

### ATTORNEY/CORRESPONDENT INFORMATION

---

**Attorney of Record**

STEPHEN E FELDMAN

**Correspondent**
STEPHEN E FELDMAN
12 E 41ST ST
NEW YORK NY 10017