**THE LAW FIRM OF JEFFREY S. DWECK, P.C.**
Jeffrey S. Dweck, Esq. (JD-6658)
100 West 33rd Street – Suite 1017
New York, New York 10001
212-502-6150

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FAMOUS HORSE INC. d/b/a V.I.M.,** | Case No. 07-CV-7818 |
| Plaintiff, | (PAULEY, J.) |
| vs. | |
| **5TH AVENUE PHOTO INC., M&B SUIT WAREHOUSE, INC, I D-DEALZ, INC., NJ FRENCH KISS, INC., FLORENTIN FASHIONS, INC., MIKE BOUSKILA and MOSHE BOUSKILA,** | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF AUTHORITIES**

**Cases**

*Blazon, Inc. v. DeLuxe Game Corp., S.D.N.Y.1965, 268 F.Supp. 416, 156 U.S.P.Q. 195.* ... 3

*Blue & White Food Products Corp. v. Shamir Food Industries, Ltd., S.D.N.Y.2004, 350 F.Supp.2d 514, 76 U.S.P.Q.2d 1940.* ............................................................................... 3

*Electronic Communications, Inc. v. Electronic Components for Industry Co., C.A.8 (Mo.) 1971, 443 F.2d 487, 170 U.S.P.Q. 118, certiorari denied 92 S.Ct. 80, 404 U.S. 833, 30 L.Ed.2d 63, 171 U.S.P.Q. 321.* .......................................................................................... 2

*Exquisite Form Industries, Inc. v. Exquisite Fabrics of London, S.D.N.Y.1974, 378 F.Supp. 403, 183 U.S.P.Q. 666.* ................................................................................................. 3

*Fred Benioff Co. v. Benioff, N.D.Cal.1944, 55 F.Supp. 393* ............................................. 2

*In re Uranium Antitrust Litigation, N.D.Ill.1979, 473 F.Supp. 393, 204 U.S.P.Q. 449; Iding v. Anaston, N.D.Ill.1967, 266 F.Supp. 1015, 153 U.S.P.Q. 846.* .................................. 3

*Ju-C-Orange of America v. Kutztown Bottling Works, E.D.Pa.1971, 332 F.Supp. 962, 171 U.S.P.Q. 691.* ...................................................................................................................... 2

*Lyon v. Quality Courts United, Inc., C.A.6 (Ohio) 1957, 249 F.2d 790, 84 Ohio Law Abs. 516, 115 U.S.P.Q. 300, 11 O.O.2d 35.* ............................................................................ 2

*Old Reading Brewery v. Lebanon Val. Brewing Co., M.D.Pa.1952, 102 F.Supp. 434, 92 U.S.P.Q. 38.* .................................................................................................................... 2

*Pure Foods v. Minute Maid Corp., C.A.5 (Fla.) 1954, 214 F.2d 792, 102 U.S.P.Q. 271, certiorari denied 75 S.Ct. 208, 348 U.S. 888, 99 L.Ed. 697, 103 U.S.P.Q. 424.* ............... 2

*U.S. Printing & Lithograph Co. v. Griggs, Cooper & Co., U.S.Ohio 1929, 49 S.Ct. 267, 279 U.S. 156, 73 L.Ed. 650* ................................................................................................... 2

*Unicure, Inc. v. Nelson, W.D.N.Y.1980, 502 F.Supp. 284, 212 U.S.P.Q. 458* ..................... 3

*Warner v. Searle & Hereth Co, U.S.Ill.1903, 24 S.Ct. 79, 191 U.S. 195, 48 L.Ed. 145.* ........ 2

This is a Motion to Dismiss. Thus, of supreme consequence are the Complaint's allegations. So, to defeat the present motion, the allegations of the Complaint upon which Plaintiff relies are (paraphrased):

1. that the defendants falsely stated to customers, potential customers, suppliers and potential suppliers of the defendants and the plaintiff that the defendants are associated with the V.I.M. mark. See Plaintiff's Memorandum of Law, page 3.

2. that the defendants used the V.I.M. mark to promote its own business and thus infringed the V.I.M. mark. Id.

3. Defendants made … false statements and presented falsely designated the origin of the Rocawear goods in an effort to induce plaintiff to purchase the counterfeit Rocawear goods (Query: Isn't misrepresentation and fraud a state law claim?). Id. at page 5.

4. that the defendants promoted and sold their own goods with the improper use of V.I.M.'s name. Id.

In other words, the plaintiff's (who's real beef is having been sold "Rocawear" goods), happening to have a trademark registration on the books, believe they are automatically entitled to entrée into the federal court system. They are wrong.

To reiterate, the VIM trademark idea is a red-herring. This is a UCC case and a case for misrepresentation, and, to the extent a claim is even stated (especially with respect to the individual defendants), should have been brought in state court.

1

## The "Missing" Case Law

Plaintiff alleges (at pages 3 and 5, et seq.) that no case law supports some of the defendant's contentions concerning elements of stating a proper claim (the need for "interstate commerce" and that the parties or products be "competitors").  Here they are:

**Interstate Commerce (15 U.S.C. §1114):**

The plain reading of the provision, provided in the moving papers, makes the case for "commerce."  Thus, the law has consistently held that a prerequisite for an infringement action under subsection (1) of §1114 is that transaction complained of occurred in interstate commerce. *See, e.g. Old Reading Brewery v. Lebanon Val. Brewing Co., M.D.Pa.1952, 102 F.Supp. 434, 92 U.S.P.Q. 38.*

In *U.S. Printing & Lithograph Co. v. Griggs, Cooper & Co., U.S.Ohio 1929, 49 S.Ct. 267, 279 U.S. 156, 73 L.Ed. 650*, the court held that the registrant of a trademark had no remedy for infringement of his trade-mark within the limits of a state and not affecting interstate commerce, and former § 96 of title 15 U.S.C. did not enlarge common-law rights within a state where the mark has not been used.  Similarly, the remedies afforded by the Trade-Mark Act of 1881 were only available when the infringement of a trade-mark register thereunder consisted in the use of a counterfeit or imitation on goods intended for commerce with foreign nations or with the Indian tribes. *Warner v. Searle & Hereth Co, U.S.Ill.1903, 24 S.Ct. 79, 191 U.S. 195, 48 L.Ed. 145.*

The first requirement for a show of infringement is "use in commerce." *See, Pure Foods v. Minute Maid Corp., C.A.5 (Fla.) 1954, 214 F.2d 792, 102 U.S.P.Q. 271, certiorari denied 75 S.Ct. 208, 348 U.S. 888, 99 L.Ed. 697, 103 U.S.P.Q. 424.*

In *Electronic Communications, Inc. v. Electronic Components for Industry Co.*, the court held that the right to a trademark is acquired by appropriation and use as such, and actual use in commerce in connection with the goods at issue is necessary to the acquisition of any rights. *Electronic Communications, Inc. v. Electronic Components for Industry Co., C.A.8 (Mo.) 1971, 443 F.2d 487, 170 U.S.P.Q. 118, certiorari denied 92 S.Ct. 80, 404 U.S. 833, 30 L.Ed.2d 63, 171 U.S.P.Q. 321.*

A mark is deemed to be in use in commerce when it is used or displayed in the sale of services, and services are rendered in commerce.  There should be a "substantial economic effect on interstate commerce." *Lyon v. Quality Courts United, Inc., C.A.6 (Ohio) 1957, 249 F.2d 790, 84 Ohio Law Abs. 516, 115 U.S.P.Q. 300, 11 O.O.2d 35.*

Intrastate infringing use is "in commerce" within meaning of this chapter if it has substantial economic effect on interstate use by the mark's owner. *See, e.g. Ju-C-Orange of America v. Kutztown Bottling Works, E.D.Pa.1971, 332 F.Supp. 962, 171 U.S.P.Q. 691.*  The plaintiff doesn't even alleged that it has interstate use or business.  The allegations are quite to the contrary.  And this is not uncommon in the case of retailers.  *See, e.g. Fred Benioff Co. v. Benioff, N.D.Cal.1944, 55 F.Supp. 393,* (retail store owner was not engaged in "interstate

commerce" so as to render him liable for trade-mark infringement, because of advertisements of his merchandise in newspaper which might have been read by some one outside the state, or because of advertisements over the radio). The court held, in that case, that a plaintiff corporation could not recover for trade-mark infringement where evidence failed to show any infringement of trade-mark in interstate commerce by defendant. *Id.*

**Competitive Products (15 USC §1114):**

*In Blue & White Food Products Corp. v. Shamir Food Industries, Ltd.,* the court held (in a preliminary injunction hearing) that the use of the "Shamir" mark for kosher vegetable salads was likely to cause confusion between its products and those being sold under kosher food manufacturer's "Shamir Salads" mark, reasoning, in part, that the competitor was attempting to enter manufacturer's product and geographic markets. *Blue & White Food Products Corp. v. Shamir Food Industries, Ltd., S.D.N.Y.2004, 350 F.Supp.2d 514, 76 U.S.P.Q.2d 1940.*

Admittedly, direct competition is not a prerequisite, but there is a requirement that there be "some overlap between the parties' trademark usage." *See, e.g. Unicure, Inc. v. Nelson, W.D.N.Y.1980, 502 F.Supp. 284, 212 U.S.P.Q. 458.* At least, as showing musty be made that the defendant's product is sufficiently similar to make confusion likely. *Exquisite Form Industries, Inc. v. Exquisite Fabrics of London, S.D.N.Y.1974, 378 F.Supp. 403, 183 U.S.P.Q. 666.*

**Interstate Commenrce (15 U.S.C. 1125):**

Under this section, the requirement that goods upon which false designation appears "must enter into interstate commerce is not to be lightly taken, since it is jurisdictional in nature." *Blazon, Inc. v. DeLuxe Game Corp., S.D.N.Y.1965, 268 F.Supp. 416, 156 U.S.P.Q. 195.*

The prohibition of false descriptions or representations in connection with any goods or services was directed only against the false representation of goods or service in interstate commerce. *See, e.g. In re Uranium Antitrust Litigation, N.D.Ill.1979, 473 F.Supp. 393, 204 U.S.P.Q. 449; Iding v. Anaston, N.D.Ill.1967, 266 F.Supp. 1015, 153 U.S.P.Q. 846.*

## Conclusion

On the basis of the foregoing, the plaintiff respectfully requests that this Court dismiss the Complaint in its entirety, together with costs and such other relief as this Court may deem just and proper.

In the alternative, as the plaintiff provides no legal support opposing the motion as it relates to the sales of allegedly counterfeit goods (and focuses only on infringement their V.I.M. mark), the only the claims of infringement of the V.I.M. mark should survive and the remaining

claims, as unrelated to the V.I.M. mark, but to a separate transaction, should be dismissed for lack of jurisdiction.

Dated:   New York, New York
         March 31, 2008

                                        Respectfully,

                                        Jeffrey Dweck (JD 6658)
                                        THE LAW FIRM OF JEFFREY S. DWECK, P.C.
                                        100 West 33rd Street, 10th Floor
                                        New York, New York 10001
                                        (212) 502-6150
                                        **Attorneys for Defendants**

                                        5th Avenue Photo Inc.,
                                        M&B Suit Warehouse, Inc.,
                                        I D-Dealz, Inc.,
                                        Mike Bouskila and
                                        Moshe Bouskila

To:   Feldman Law Group
      121 East 41st Street
      New York, New York 10017

      Attention: Kenneth S. Feldman, Esq.

4