UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FAMOUS HORSE INC. d/b/a V.I.M.,      :

                          Plaintiff,      :      07 Civ. 7818 (WHP)

                -against-      :      MEMORANDUM AND ORDER

5TH AVENUE PHOTO INC. et al.,      :

                       Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Famous Horse Inc. d/b/a V.I.M. ("Famous Horse") brings this action alleging violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and various state law violations. Defendants 5th Avenue Photo Inc., M&B Suit Warehouse, Inc., I D-Dealz, Inc., Mike Bouskila, and Moshe Bouskila ("Moving Defendants") move to dismiss all claims. For the following reasons, Defendants' motion is granted.

BACKGROUND

        For the purposes of this motion, the Court accepts the following allegations as true. Famous Horse runs a chain of brand name jean and sneaker retail stores in the New York area. (Amended Complaint dated Feb. 8, 2008 ("Compl.") ¶¶ 5, 7.) Its stores are "sparsely adorned . . . with simple displays selling principally genuine top of the line brand name sneakers and jeans at very low prices." (Compl. ¶ 25.) Famous Horse's brands sell under the trademark "V.I.M." (Compl. ¶ 59.)

        In 2006, Famous Horse purchased jeans from Defendants bearing a "Rocawear" trademark associated with the rap artist Jay-Z. (Compl. ¶¶ 28, 40.) In September 2006, Famous

1

Horse learned that the jeans were counterfeit. (Compl. ¶¶ 40, 41.) Famous Horse alleges that, using the V.I.M. trademark, Defendants falsely told customers that Famous Horse was one of their satisfied customers. (Compl. ¶ 60.)

## DISCUSSION

I. Motion to Dismiss

On a motion to dismiss, the Court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998). Nonetheless, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"); see also ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.").

Dismissal is also proper where a plaintiff fails to plead the basic elements of a claim. Wright v. Giuliani, No. 99 Civ. 10091 (WHP), 2000 WL 777940, at *4 (S.D.N.Y. June 14, 2000). A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

II. <u>Lanham Act Claims</u>

To plead a trademark infringement claim under § 32 of the Lanham Act, a plaintiff must allege facts establishing, <u>inter alia</u>, that a defendant's use of plaintiff's registered mark is likely to cause confusion as to the source of a product. 15 U.S.C. § 1114(1)(a); <u>Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.</u>, 799 F.2d 867, 871 (2d Cir. 1986). Similarly, to plead a false designation of origin or trade dress claim under § 43(a) of the Lanham Act, a plaintiff must demonstrate that "there exists a likelihood of confusion between its product and the alleged infringer's product." <u>Forschner Group, Inc. v. Arrow Trading Co., Inc.</u>, 124 F.3d 402, 407 (2d Cir. 1997); <u>Gucci Am. Inc. v. Action Activewear, Inc.</u>, 759 F.Supp. 1060, 1063 (S.D.N.Y. 1991). Famous Horse fails to allege any facts establishing consumer confusion as to the source of its products; neither Defendants' statements that Famous Horse was a satisfied customer nor the sale of counterfeit goods to Famous Horse establish customer confusion as to any of Famous Horse's products. Accordingly, the Lanham Act claims are dismissed.

III. <u>State Law Claims</u>

Having dismissed all of Famous Horse's federal claims, this Court declines to exercise jurisdiction over the remaining state law claims. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Traylor v. Hayward</u>, 210 F.3d 355, 355 (2d Cir. 2000).

<u>CONCLUSION</u>

For the foregoing reasons, Defendants 5th Avenue Photo Inc., M&B Suit Warehouse, Inc., I D-Dealz, Inc., Mike Bouskila, and Moshe Bouskila's motion to dismiss is granted and the complaint against them is dismissed.

Dated:   May 19, 2008
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Kenneth S. Feldman, Esq.
Stephen Feldman, Esq.
Law Offices of Stephen E. Feldman, P.C.
12 East 41st Street
New York, NY 10017
*Counsel for Plaintiff*

Jeffrey S. Dweck, Esq.
The Law Firm of Jeffrey S. Dweck, P.C.
100 West 33rd St., Suite 1013
New York, NY 10001
*Counsel for Defendants 5th Avenue Photo Inc.,*
*M&B Suit Warehouse, Inc., I D-Dealz, Inc.,*
*Mike Bouskila, and Moshe Bouskila*