UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMOUS HORSE, INC.<br>d/b/a VIM<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>5th AVENUE PHOTO, INC. EL AL<br><br>　　　　Defendants. | Civil Action No. 07-CIV-7818 (WHP)<br><br>Hon. Judge William Pauley, III |

**REQUEST FOR COURT TO GRANT MOTION TO AMEND
AND IN THE ALTERNATIVE MOTION UNDER RULE 59**

I. Statement

The Court should vacate its dismissal, and grant the Motion to Amend requested in Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss. This Request is directed to the Court's Order of May 19, 2008 which does not mention or rule on Plaintiff's request to amend the complaint. Plaintiff has followed the Court's advice and is planning to re-file the State claims from its complaint against the dismissed Defendants' in State Court. However, in Plaintiff's Memoranda in Opposition to Defendants' Motion to Dismiss, Plaintiff requested the right to amend the pleading (see last paragraph in Plaintiff's Memorandum). The Court did not rule on this request.

Plaintiff respectfully asks that the Court rule on the Request so the case can continue or Plaintiff can be in a clear position for appeal if the Motion to Amend is denied.

II. Purpose of Amendment

Plaintiff's amendment that would have been filed is to inter ailia plead the facts and legal issues in the same manner as those presented in the <u>Alto v. Ratek</u> case 1996 WL 497027 (SDNY 1996).

In <u>Alto</u>, Alto publicized and prided itself because of its clutch plates being U.S. made. Ratek, an Israel company was making clutch plates unmarked as to the country of origin in Israel and selling them to a U.S. company, who imported them into the U.S. without country of origin markings (failure to have a country of origin marking is a violation of a Federal Statute). <u>Alto</u> sued under the Lanham Act for false designation of origin, and for the damages caused by <u>Ratek</u> diverting customers who might otherwise have purchased Alto's product instead of Ratek's, if they knew Alto's were genuine U.S. made, and Ratek's was not.

In the present case, the situation is parallel to <u>Alto</u>. Plaintiff, Famous Horse prides itself on, and publicizes itself as selling only genuine brand name clothing. Plaintiff, VIM would sue under the Lanham Act for false designation of origin, and for the damage caused by Defendants diverting customers who might otherwise have purchased Plaintiff, VIM"s product instead of Defendants' if they knew VIM's were genuine, while Defendants' are not.

Defendants' sale of counterfeit goods identical to Plaintiffs genuine goods (a violation of a Federal Statute) to Plaintiff's competitors, is the same cause of action as in <u>Alto</u> and violates Plaintiff's rights in the same way as <u>Alto's</u> rights were violated and was

damaged. Alto's lost sales went to competitors in the same way the Plaintiff's lost sales went to competitors. In this proposed amended pleading, we would more explicitly follow to the law of the Alto case. (copy of proposed amended complaint is attached as Exhibit A)

III. The Second Circuit Encourages Leave to File Amended Pleadings

The leading case on amending and repleading is the U.S. Supreme Court case of Foman v. Davis 371 US 178, 182, 83 SCt 227, 230 (1962). The Second Circuit has repeatedly followed Foman and stated that Leave to Amend shall be freely granted and outright refusal to grant leave is not an exercise of discretion [Cortec Industries, Inc. v. Sum Holdings LP, 949 F.2d 42, 48 (2nd Cir 1991), Schindler v. French 232 Fed Appx 17, 19, unpublished (2nd Cir 2007)]. We respectfully submit that the Court not ruling on the issue would be treated similarly.

This amendment to our Complaint would be similar to the amendment in Foman at 182 where the Supreme Court in reversing the Court of Appeals said:

> "The Court of Appeals also erred in affirming the District Court's denial of petitioner's motion to vacate the judgment in order to allow amendment of the complaint. As appears from the record, the amendment would have done no more than state an alternative theory for recovery".

As in that case, Plaintiff merely seeks to state an alternative theory based upon the Alto case. Therefore, leave should be granted.

IV. The Supreme Court Twombly case supports Defendants' position.

The Supreme Court in Bell Atlantic v. Twombly 127 SCt 1955, 1965 (2007) made clear that the pleading standard is a reasonable one with discovery filing in the pleading. The Court said:

3

> "The pleading standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal agreement and, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely".

Extensive discovery was served (copies enclosed as Exhibit B) including discovery directed at the identity of Defendants' customers. However, nothing was answered or produced by Defendants'. For example, Interrogatories 2 and 4 stated:

> "Identify the existence, custodian and location of all documents relating to every customer in the last two years that any of the defendants sold Rocawear, North Face or other well known brand items."

> "Identify the existence, custodian and location of all documents relied upon for answering these interrogatories."

Similarly, Requests for Production 607 stated:

> "All documents concerning any of the interrogatories in Plaintiff's First set of interrogatories to Defendants'."

> "All documents that identify any customers to whom each Defendant has sold Rocawear and North Face jeans."

The failure to produce discovery has caused difficulty in establishing the facts. There has always been the issue of Defendants' customers and how Defendants' have been selling counterfeit goods and depriving Plaintiff of those sales. These discoverable facts support the allegations in Plaintiff's Second Amended Complaint and are consistent with <u>Twombly</u>. In the last several days, Plaintiff discovered articles that confirm Plaintiff's position regarding the Morris Bouskila (Exhibit C).

Conclusion

In view of the above, Plaintiff requests this Court vacate the judgment, and grant leave to file the Second Amended Complaint as was requested in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

                          Respectfully submitted,

By: _____
Stephen E. Feldman
Attorney for Plaintiff
FELDMAN LAW GROUP P.C.
12 East 41st Street, 16th Floor
New York, NY 10017
Tel: 212-532-8585