# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X
FAMOUS HORSE INC. d/b/a V.I.M
:
        Plaintiff,                                  No. 07 CIV 7818 (WHP)
:
v.
:

5th AVENUE PHOTO INC., M&B SUIT  :
WAREHOUSE, INC., I D-DEALZ, INC.,
N J FRENCH KISS, INC., FLORENTIN :
FASHIONS, INC., MIKE BOUSKILA
and MOSHE BOUSKILA
:                  SECOND AMENDED
                COMPLAINT JURY
                DEMAND

        Defendants.     :
_____X

## SECOND AMENDED COMPLAINT

Plaintiff, by and through its attorneys, and for its complaint against Defendants allege, on knowledge as to Plaintiff and otherwise upon information and belief, as follows:

1. **Nature of Action** This is an action for violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.§§1114,1125 for trademark infringement and unfair competition under Section 43a (1125a) of Lanham Act.

### Jurisdiction

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1338 with respect to the claims arising under the Lanham Act.

3. Venue is proper in the United States District Court for the Southern District of New York under U.S.C. § 1391 (b) and (c). This is the judicial district where a

1

substantial part of the events or omissions giving rise to the claims in this action took place.

### The Parties

4. Plaintiff Famous Horse Inc. d.b.a. V.I.M. (VIM) is a corporation organized under and by virtue of the laws of the State of New York with an office at 164-01 Jamaica Ave., Jamaica, N.Y. 11432.
5. Plaintiff runs a chain of over thirty very successful brand name jean and sneaker retail stores throughout the New York area.
6. The trademark VIM is well known to its customers for offering name brand apparel at low prices.
7. Plaintiff is specifically known for selling only genuine branded goods.
8. On information and belief, Defendant M&B Suit Warehouse, Inc. ("M&B") is a corporation of the State of New York with no known place of business.
9. On information and belief, M&B lists 402 Fifth Avenue, New York, NY 10018 as its address on bills.
10. On information and belief, Defendant ID Dealz, Inc. ("ID") is a corporation of New York with no known place of business but is allegedly located at 1450 East 7th Street, Brooklyn, NY 11230.
11. On information and belief, 5th Avenue Photo, Inc. ("5th Ave") is a New York corporation with its principal place of business at 402 Fifth Ave. New York, NY 10018. 5th Avenue is principally in the business of selling cameras and film but purportedly invoices jeans through Defendant M&B Warehouse and/or Defendant ID Dealz.
12. On information and belief, Defendant Moshe Bouskila ("Moshe Bouskila") is a principal of 5th Avenue, M&B, and additional corporations.
13. On information and belief, Defendant Mike Bouskila ("Mike Bouskila") is a principal of 5th Ave, M&B, and ID.
14. Defendants Moshe Bouskila and Mike Bouskila are the principals of 5th Ave, M&B and ID, and were the conscious moving force behind this matter.

15. Upon information and belief, Defendant Moshe Bouskila has been using as many as four separate social security numbers for various purposes. One of the numbers belongs to his spouse or ex-spouse.
16. Upon information and belief, Defendant Moshe Bouskila is also known as (a.k.a.) Morris Bouskila.

### Statements of Facts Common to all Claims for Relief

17. VIM has been in business for many years, and as a result of long and continuous distribution, display, promotion and sale of genuine brand name clothing, VIM has become extremely well-known in selling brand name jeans and sneakers.
18. VIM has been in business for decades. During this period, Plaintiff has associated with the highest level of quality and reputation. Plaintiff only sells merchandise (especially jeans and sneakers) with famous brands on them.
19. As a result of the sales and promotional efforts, VIM has come to be associated exclusively with genuine branded goods.
20. The trademark VIM (hereinafter the "VIM trademark") has become associated in the public mind with such genuine branded goods.
21. Customers, sellers, and potential customers and sellers think of Plaintiff's VIM trademark as indicative of this particular source for genuine top of the line brand name jeans and sneakers at good prices. At times, because of its larger volume turnover, it buys the overflow of dealers selling genuine goods with famous brands.
22. On information and belief, Defendant knew Plaintiff bought Rocawear jeans. Defendant Mike Bouskila, representing himself and Moshe Bouskila, approached Plaintiff's buyer, Ms. Tiema, in 2006 and informed her that they had genuine Rocawear jeans for sale at low prices. Rocawear is a well known trademark associated with the famous rap artist and businessman Jay-Z (hereinafter the "Rocawear trademark").
23. On information and belief, Defendants' sold the same Rocawear jeans to Plaintiff's competitors. Plaintiff was told to stop selling the jeans by Rocawear.

3

24. Plaintiff received letters from the attorneys for Rocawear stating that the jeans sold to Plaintiff by Defendants were counterfeit.
25. However, on information and belief Defendant continued to sell the counterfeit Rocawear jeans to Plaintiff's competitors.
26. On information and belief Plaintiff's competitors were able to sell the jeans at prices below the prices at which Plaintiff could sell legitimate Rocawear jeans. This confused buyers into believing the jeans were low-priced genuine jeans.
27. Therefore, customers are likely to be diverted from purchasing at VIM stores into purchasing at competitor's stores who can sell products appearing to be the same genuine article for less money.
28. Defendants' asserted to Plaintiff that the Rocawear jeans were genuine.
29. On information and belief, at the time of the transactions with Plaintiff, Defendants were aware that the Rocawear jeans were counterfeit.
30. On information and belief, Defendants sale of the very same counterfeit goods to Plaintiff's competitors has caused damage.
31. Customers and potential customers of Plaintiff will not be able to distinguish between Defendants counterfeit Rocawear jeans and the legitimate Rocawear jeans Plaintiff sells.
32. Plaintiff has taken action to publicize that its jeans are legitimate and not counterfeit, but its customers are still likely to be confused.

## Count I

False Designation of Origin

33. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.
34. This cause of action arises under the Lanham Act § 1125 for false designation of origin or source and false description or representation.
35. On information and belief Defendants sold Rocawear jeans to competitors of Plaintiff who were able to sell those counterfeit jeans in a matter that falsely describes the source as Rocawear and falsely described them as genuine Rocawear jeans.

4

36. On information and belief, Defendants false representation as to the genuineness of Rocawear jeans were made with the knowledge, by Defendants, that such Rocawear labeled jeans were not genuine.
37. On information and belief Defendants knew that Plaintiff's competitors would sell the counterfeit jeans as legitimate jeans and deprive Plaintiff of those sales.
38. On information and belief Defendants made the false statements and presented the falsely designated jeans in the marketplace to deprive Plaintiff of sales of the same goods.
39. The Defendants actions in selling counterfeit Rocawear jeans will likely cause and caused Plaintiffs customers and potential customers to be confused as to the source of the counterfeit jeans. Such buyers are likely to believe they have made legitimate sales, and believe they are buying legitimate Rocawear jeans, thereby deprive Plaintiff of those sales because of the confusion of its customers.
40. Defendant's sale of counterfeit jeans to Plaintiffs' competitors will likely cause potential purchasers to be confused, mistaken and deceived into thinking VIM is selling the same Rocawear jeans as its competitors at higher prices and therefore, be deceived as to the source or origin of Defendants products.
41. Defendants' acts have caused confusion and mistake with Plaintiff's customers and have caused damage and injury to Plaintiff's reputation and goodwill because Plaintiff's customers will be deceived into thinking Plaintiff's Rocawear jeans are more expensive than its competitors'.
42. As a result of Defendant's false representations, there is a likelihood of confusion and deception and Plaintiff has suffered damage to its goodwill, namely that Plaintiff has acquired an unwanted and unwarranted reputation for selling expensive legitimate jeans to customers.
43. On information and belief Defendant has sold the same goods to Plaintiff's competitors that Plaintiff's competitors sold and advertised to the ultimate consumers as legitimate brand name goods when, in fact, they were counterfeit goods in violation of 15 USC 1127.
44. On information and belief Defendant's sold these counterfeit goods for distribution by Plaintiff's competitors to the ultimate consumers with a false

designation of origin that these were genuine Rocawear goods. These acts by defendant deprived Plaintiff of sales of its genuine goods to the ultimate consumers.

45. Defendant's sale of these goods to Plaintiff's competitors and the sale and advertisements of these goods to the ultimate consumers by Plaintiff's competitors is likely to cause confusion as to the origin of the goods and as to false advertising of the goods in the minds of the ultimate consumers.

### COUNT II
#### Trademark Infringement

46. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

47. This cause of action arises under the Lanham Act as a result of Defendant's use of Plaintiff's VIM trademark (Registration 1,714,524).

48. On information and belief, Defendants stated and implied to its customers and prospective customers, as well as VIM's customers and potential customers, and used the VIM trademark to advertise that VIM was a satisfied customer of its services and Rocawear jeans.

49. Defendant used Plaintiff's respected mark VIM and the VIM Trade Dress to promote its own business.

50. Defendant's acts have caused confusion, damage, injury and a likelihood of confusion persists as to Plaintiff's VIM mark where the likelihood of confusion includes likelihood of confusion as to affiliation, sponsorship and/or endorsement and with Defendant's acts and Plaintiff's VIM mark.

51. Upon information and belief, Defendants' acts have been done willfully and intentionally, with full knowledge of Plaintiff's trademark rights.

52. Defendants have improperly sold counterfeit goods with the support of the VIM mark with intention to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate valuable trademark rights.

53. Defendant's said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## DEMAND FOR A TRIAL BY JURY

WHEREFORE, Plaintiff demands:

I. That Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from offering advertising or selling counterfeit goods to Plaintiff or Plaintiff's competitors falsely representing the source of or any goods to Plaintiff and its customers and potential customers.

II. The Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from using the VIM trademark or trade dress. Until Defendants are enjoined from further misappropriation of Plaintiff's goodwill, Plaintiff will suffer substantial, ongoing and irreparable harm.

III. That Defendants be required to compensate Plaintiff for all damages sustained by Plaintiff by reason of the acts complained of herein and that the Court, in an amount not less than $3,000,000.00 (three million dollars):

   a. Award Plaintiff damages in an amount for the injuries Plaintiff sustained as a result of Defendants' acts complained of herein.
   b. Award punitive and exemplary damages sufficient to deter Defendants from similar conduct in the future;
   c. Require Defendants to pay Plaintiff for the costs of this action, including Plaintiff's reasonable attorneys' fees; and
   d. Require Defendants to pay to Plaintiff prejudgment and post-judgment interest at the applicable rates on all amounts awarded.

IV. That Defendants be required to disseminate corrective advertising, at Defendants' expense and upon Plaintiff's approval, that informs purchasers, the trade and the public at large that Plaintiff only sells genuine goods and/to require Defendants to pay all costs and expenses including Plaintiff's costs and expenses in producing and disseminating such corrective advertising.

V. That Defendants, within 30 days after service upon them of the judgment, file with the Court and serve upon Plaintiff a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctive provisions of said judgment.

VI. That Plaintiff be accorded such other and further relief as the Court may deem just and proper.

Date: June 3, 2008

FELDMAN LAW GROUP, PC

BY: _____
Kenneth S. Feldman (KSF 6003)
Attorneys for the Plaintiff
12 East 41st Street
New York, NY 10017
(212) 532-8585

8