# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────X
FAMOUS HORSE INC. d/b/a V.I.M         :

        Plaintiff,            :
                                        07-CV-7818 (WHP)
      v.                     :
                                        PLAINTIFF'S FIRST SET
                                        OF INTERROGATORIES
                                        TO DEFENDANTS

5th AVENUE PHOTO INC., M&B SUIT   :
WAREHOUSE, INC., I D-DEALZ, INC.,
N J FRENCH KISS, INC., FLORENTIN FASHIONS, INC.,
MIKE BOUSKILA and MOSHE BOUSKILA

        Defendants.            :
──────────────────────────────X

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

### PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff RFMAS, INC. serves this set of First Interrogatories on Defendants. The Interrogatories require a written response within thirty (30) days after service. The Requests are governed by the Uniform Definitions set forth in Rule 26.3 of the Local Rules and the following Definitions and Instructions.

### DEFINITIONS

A.    "Correspondence" means any document that either constitutes a communication between two or more persons, or that summarizes the substance of such a communication, whether made directly to the author of the document or otherwise.

B. The term "communication" means the transmittal of information (in the form of facts, ideas, inquires or otherwise).

C. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) (including, without limitation, electronic or computerized data compilations), and means writings, drawings, graphs, charts, photographs, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

D. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

E. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

F. The term "identify" with respect to persons means to give, to the extent known, the (i) person's full name; (ii) present or last known address; and (iii) when referring to a natural person, additionally, the present or last known place of employment.

G. The term "identify" with respect to documents means to give, to the extent known, the (i) person's full name; (ii) present or last known address; and (iii) date of document; and (iv) author(s), addressee(s) and recipient(s).

H. The term "identify" when referring to litigation means state in detail (a) the caption and index number; and (b) the court(s) in which the litigation is or was pending.

I. The term "identify" when used in a relation to any other Interrogatory not specificity and in detail the information requested.

J. The term "including means including but not limited to.

K. The terms "all and "each" shall be construed as all and each.

L. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

M.  "Complaint" refers to the Plaintiff's Summons and Complaint filed in this case.

N.  The term Plaintiff or Plaintiffs means each Plaintiff and each of their parent companies, predecessors, successors, assignors, divisions, subsidiaries, affiliates, authorized signatories partnerships, joint ventures, directors, officers, employees, partners and agents, and each of the directors, officers, employees, partners, agents or representatives of any of those entities.

O.  The term Defendant means its parent companies, predecessors, successors, assignors, divisions, subsidiaries, affiliates, authorized signatories, partnerships, joint ventures, directors, officers, employees, partners and agents, and each of the directors, officers, employees, partners, agents or representatives of any of these entities.

P  Rocawear and NorthFace refer to items identified by those marks in the second amended complaint.

## INSTRUCTIONS

1.  Each paragraph and subparagraph of these Interrogatories should be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting its scope.

2.  Each of the Interrogatories shall be deemed continuing. Any information responsive to Interrogatories that is presently unknown or unavailable but which becomes known or available to Defendant up to and including the conclusion of this action must be promptly disclosed in a supplemental response.

3.  In answering the Interrogatories which seeks identification, of any document or thing within the scope of this request that is withheld or not produced, you shall furnish a list containing the following information for each such item:

    (i) the reason for, and the facts supporting, the withholding;
    (ii) the date said document or thing was prepared;
    (iii) the names, employment positions and addresses of the authors and/or preparers of said document or thing;

(iv) the names, employment positions and addresses of all addressees, including all persons who received or were shown as having received, said document or thing; and

(v) a brief description of said document

5. If any interrogatory cannot be compiled with in full, it shall be compiled with to the extent possible with an explanation as to why full compliance is not possible.

## INTERROGATORIES

1. Identify all witnesses with knowledge of each and every business entity owned, controlled, partially or fully by each defendant.

2. Identify the existence, custodian and location of all documents relating to every customer in the last two years that any of the defendants sold Rocawear, North Face or other well known brand items

3. Identify the existence, custodian and location of all documents related to every cease and desist letter received by any of the defendants in the last five years and each of the senders of such letters.

4. Identify the existence, custodian and location of all documents related to lawsuits where any of the defendants was a plaintiff or defendant in the last five years, including court, civil action number and the court papers.

5. Identify all witnesses with knowledge as to all business locations of each defendant, including all businesses owned completely or partially by such defendant.

6. Identify the existence, custodian and location of all documents relied upon for answering these interrogatories.

Dated: February 9, 2008

By: /s/ Kenneth Feldman
Kenneth Feldman (KF-6003)
FELDMAN LAW GROUP
12 E. 41ST Street
New York, NY 10017
(212) 532-8585

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
FAMOUS HORSE INC. d/b/a V.I.M          :

            **Plaintiff**    :

    v.    :     07-CV-7818 (WHP)

                                               **PLAINTIFF'S FIRST SET**
                                               **OF DOCUMENT**
                                               **REQUESTS TO**
                                               **DEFENDANTS**

5th AVENUE PHOTO INC., M&B SUIT    :
WAREHOUSE, INC., I D-DEALZ, INC.,
N J FRENCH KISS, INC., FLORENTIN FASHIONS, INC.,
MIKE BOUSKILA and MOSHE BOUSKILA

           **Defendants.**    :
_____X

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff V.I.M. serves this First Request for Production of Documents ("Document Request") on Defendants. The Document Requests require a written response and production of documents within thirty (30) days after service. The Document Requests are governed by the Uniform Definitions set forth in Rule 26.3 of the Local Rules and the following Definitions and Instructions.

## DEFINITIONS

A.      "Correspondence" means any document that either constitutes a communication between two or more persons, or that summarizes the substance

of such a communication, whether made directly to the author of the document or otherwise.

B. The term "communication" means the transmittal of information (in the form of facts, ideas, inquires or otherwise).

C. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) (including, without limitation, electronic or computerized data compilations), and means writings, drawings, graphs, charts, photographs, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

D. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

E. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

F. The term "identify" with respect to persons means to give, to the extent known, the (i) person's full name; (ii) present or last known address; and (iii) when referring to a natural person, additionally, the present or last known place of employment.

G. The term "identify" with respect to documents means to give, to the extent known, the (i) person's full name; (ii) present or last known address; and (iii) date of document; and (iv) author(s), addressee(s) and recipient(s).

H. The term "identify" when referring to litigation means state in detail (a) the caption and index number; and (b) the court(s) in which the litigation is or was pending.

I. The term "identify" when used in a relation to any other Interrogatory not specificity and in detail the information requested.

J. The term "including means including but not limited to.

K. The terms "all and "each" shall be construed as all and each.

L.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

M.  "Complaint" refers to the Plaintiff's Summons and Complaint filed in this case.

N.  The term Plaintiff or Plaintiffs means each Plaintiff and each of their parent companies, predecessors, successors, assignors, divisions, subsidiaries, affiliates, authorized signatories partnerships, joint ventures, directors, officers, employees, partners and agents, and each of the directors, officers, employees, partners, agents or representatives of any of those entities.

O.  The term Defendants means the defendants in this action 07CIV7818 and each company that each Defendant is incorporated as or as an individual owns or has an interest in including all predecessors, successors, assignors, divisions, subsidiaries, affiliates, authorized signatories partnerships, joint ventures, directors, officers, employees, partners and agents, and each of the directors, officers, employees, partners, agents or representatives of any of those entities.

## INSTRUCTIONS

1.  Each paragraph and subparagraph of these Document Requests should be construed independently, and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting its scope.

2.  Each of the Document Requests shall be deemed continuing. Any information responsive to a Document Request that is presently unknown or unavailable but which becomes known or available to Plaintiff up to and including the conclusion of this action must be promptly disclosed in a supplemental response.

3.  In answering the Document Request seeks identification, of any document or thing within the scope of this request that is withheld or not produced, you shall furnish a list containing the following information for each such item:

(i)  the reason for, and the facts supporting, the withholding;
(ii) the date said document or thing was prepared;

  (iii) the names, employment positions and addresses of the authors and/or preparers of said document or thing;

  (iv) the names, employment positions and addresses of all addressees, including all persons who received or were shown as having received, said document or thing; and

  (v) a brief description of said document

5 If any document Request cannot be compiled with in full, it shall be compiled with to the extent possible with an explanation as to why full compliance is not possible.

## REQUESTS

1. All documents referencing Plaintiff.

2. All documents referencing the jeans supplied to Plaintiff by each of the Defendants.

3. All documents concerning the creation and design of the Rocawear and Northface jeans

4. All documents from each Defendant concerning any of the Defendants.

5. All documents exchanged between each of the Defendants and any of the other Defendants

6. All documents concerning any of the interrogatories in Plaintiff's First set of interrogatories to Defendants.

7. All documents that identify any customers to whom each Defendant has sold Rocawear and NorthFace jeans.

8. All documents concerning the creation and manufacture of the Rocawear and Northface jeans sold to Plaintiff by any of the Defendants.

9. All complaints or demands filed in lawsuits, arbitrations or other legal proceedings concerning trademark infringement brought against or for each Defendant

10. Representative samples of each of Defendants' Rocawear and Northface jeans

11. All documents concerning the location of where the Rocawear and Northface jeans sold to plaintiff by any of the Defendants are manufactured and/or produced

12. All agreements concerning manufacture and/or production of the Rocawear and Northface jeans sold to Plaintiff by any of the Defendants.

13. All documents that relate to each Defendant's sales of the Rocawear and Northface jeans sold to Plaintiff by any of the Defendants.

14. All records of all cease and desist letters and lawsuits involving the Rocawear or Northface jeans by each of the Defendants.

15. All judgments and agreements concluding lawsuits or disputes for the Rocawear or Northface jeans or any other branded product.

16. All documents that show the identity of all individuals who created the Rocawear or Northface jeans.

17. All documents showing separately each Defendant's interest in the Rocawear and Northface jeans sold by each of the Defendants to Plaintiff.

18. All documents showing the form of business organization of each Defendant, its date of legal organization, each past and present officer, director, general or managing agents, owners or general partners, the identify of each stockholder, party or member of each Defendant who is active in each Defendant's affairs and the identity of each person who owns any part of Defendant's shares and their representative percentage interest in each Defendant.

19. All documents showing the suppliers including the manufacturers of each of the jeans sold by any of the Defendants to Plaintiff.

20. All documents showing each Defendant's commercial dealing in any of the jeans sold by each of the Defendants to the Plaintiff.

21. All documents showing the websites of each Defendant and the entities and all documents showing the first sale of the jeans sold by any of the Defendants to the Plaintiff whether domestically, or abroad.

22. All documents from all other lawsuits and/or administrative proceedings in which each Defendant has been a party involving trademark, copyright and trade dress infringement.

23. All documents referencing third party's sales of the jeans sold by any of the defendants to the Plaintiff, including any and all Customers.

24. All customs documents, bills of lading, shipping, documents, invoices, airway bills, Custom Brokers documents and freight forwarder documents for the jeans sold by any of the defendants to the Plaintiff.

25. All trademark filings any place in world covering the trade dress for the jeans sold by any of the Defendants to the Plaintiff.

26. All documents which show all sales of jeans sold by each Defendant to the Plaintiff including all monies received and all customers.

27. All documents concerning any search investigations or studies by each Defendant concerning the scope, validity or enforceability of the copyright, trademark or trade dress of either Plaintiff's or each of Defendants' jeans.

28. The molds, drawings, and equipment to produce the jeans sold to the Plaintiff by each of the Defendants.

29. All documents that each Defendant will rely upon that supports or contradicts the allegations as set forth paragraph 28 of the amended complaint.

30. All documents that each Defendant will rely upon that supports or contradicts the allegations as set forth paragraph 31 of the amended complaint.

31. All documents that each Defendant will rely upon that supports or contradicts the allegations as set forth paragraph 32 of the amended complaint.

32. All documents that each Defendant will rely upon that supports or contradicts the allegations as set forth paragraph 33 of the amended complaint.

33. All documents that each Defendant will rely upon that supports or contradicts the allegations as set forth paragraph 34 of the amended complaint.

Dated: February 19, 2008

By _____
Kenneth Feldman (KF-6003)
FELDMAN LAW GROUP
12 E. 41st Street
New York, NY 10017
(212) 532-8585
Attorney for Plaintiff