UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

FAMOUS HOURSE, INC.
d/b/a VIM

                                              Civil Action No. 07-CIV-7818 (WHP)

                  Plaintiff,

                                              Hon. Judge William Pauley, III

v.

5th AVENUE PHOTO, INC. ET AL

                  Defendants.
_____x

**MOTION UNDER RULE 59**

    Plaintiff has amended the Complaint in an attempt to overcome the Courts' prior objections.

    Under the First Count, which is based on <u>Alto v. Ratek</u> 1996 WL 497027 (SDNY), the claim is that Plaintiff was damaged by Defendants' sales in violation of the Counterfeiting Statute. Defendants' sell counterfeit goods with labels saying they were genuine goods. Thereby, permitting their customers to undersell Plaintiff, who is selling the same genuine brand goods. Defendants only succeed because they are unfairly competing with Plaintiff by violating the Counterfeiting Laws.

    In the Second Count, which is based on the Second Circuit case law, there is a proper cause of action for Defendants associating their goods with Plaintiff's VIM trademark by stating that VIM was a satisfied customer for the (counterfeit) jeans. This Count of the Complaint is based on <u>Conternay Communications Corporation v. Hall</u> 334

F.3d 210, 212, (2nd Cir. 2003) in which there was an allegation of sponsorship for trademark infringement.

Defendants are using Plaintiff's registered VIM mark orally in selling its counterfeit jeans to customers and potential customers and are seeking to induce those customers to believe there is an association or relationship, or sponsorship between Plaintiff's VIM trademark and Defendants customers and prospective customers. They are therefore trading on the reputation of Plaintiff to cause potential customers to believe there is an association, a connection, or sponsorship between Plaintiff's VIM trademark and Defendant. (revised complaint (Exhibit A)

Concerning the dismissal of the two Defendants for failure to serve, they were both served in February (certificates of service Exhibit B) and never answered. We believe they are both now in default. One of them is represented by counsel and we are speaking to them about settlement. Since they are in default as to the complaint that was served on them, we are not amending that complaint as to them. They were included on the basis of diversity.

Dated July 24, 2008

                                                                     Respectfully Submitted,

By: _____
Stephen E. Feldman
Attorney for Plaintiff
FELDMAN LAW GROUP, P.C.
12 East 41st Street, 16th Floor
New York, NY 10017
Tel: 212-532-8585

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――X
FAMOUS HORSE INC. d/b/a V.I.M
:
              Plaintiff,    -                  No. 07 CIV 7818 (WHP)
:
v.
:

5th AVENUE PHOTO INC., M&B SUIT  :
WAREHOUSE, INC., I D-DEALZ, INC.,
N J FRENCH KISS, INC., FLORENTIN  :
FASHIONS, INC., MIKE BOUSKILA
and MOSHE BOUSKILA
:                 SECOND AMENDED
                 COMPLAINT JURY
                 DEMAND

              Defendants.    :
―――――――――――――――――――――X

## SECOND AMENDED COMPLAINT

Plaintiff, by and through its attorneys, and for its complaint against Defendants allege, on knowledge as to Plaintiff and otherwise upon information and belief, as follows:

1. **Nature of Action** This is an action for violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.§§1114,1125 for trademark infringement and unfair competition under Section 43 (1125a) of Lanham Act.

### Jurisdiction

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1338 with respect to the claims arising under the Lanham Act.

3. Venue is proper in the United States District Court for the Southern District of New York under U.S.C. § 1391 (b) and (c). This is the judicial district where a substantial part of the events or omissions giving rise to the claims in this action took place.

## The Parties

4. Plaintiff Famous Horse Inc. d.b.a. V.I.M. (VIM) is a corporation organized under and by virtue of the laws of the State of New York with an office at 164-01 Jamaica Ave., Jamaica, N.Y. 11432.

5. Plaintiff operates a chain of over thirty very successful brand name jean and sneaker retail stores throughout the New York area.

6. The trademark VIM is well known to its customers for offering name brand apparel at low prices.

7. Plaintiff is specifically known for selling genuine branded goods.

8. On information and belief, Defendant M&B Suit Warehouse, Inc. ("M&B") is a corporation of the State of New York with no known place of business.

9. On information and belief, M&B lists 402 Fifth Avenue, New York, NY 10018 as its address on bills.

10. On information and belief, Defendant ID Dealz, Inc. ("ID") is a corporation of New York with no known place of business, but is allegedly located at 1450 East 7th Street, Brooklyn, NY 11230.

11. On information and belief, 5th Avenue Photo, Inc. ("5th Ave") is a New York corporation with its principal place of business at 402 Fifth Ave. New York, NY 10018. 5th Avenue and is principally in the business of selling cameras and film, and invoices jeans through Defendant M&B Warehouse and/or Defendant ID Dealz.

12. On information and belief, Defendant Moshe Bouskila ("Moshe Bouskila") is a principal of 5th Avenue, M&B, and ID.

13. On information and belief, Defendant Mike Bouskila ("Mike Bouskila") is a principal of 5th Ave, M&B, and ID.

14. Defendants Moshe Bouskila and Mike Bouskila as the principals of 5th Ave, M&B and ID, and were the conscious moving force behind this matter.

15. Upon information and belief, Defendant Moshe Bouskila has been using as many as four separate social security numbers for various purposes. One of the numbers belongs to his spouse or ex-spouse.

16. Upon information and belief, Defendant Moshe Bouskila is also known as (a.k.a.) Morris Bouskila.

## Statements of Facts Common to all Claims for Relief

17. VIM has been in the clothing business for many years, and as a result of long and continuous distribution, display, promotion and sale of genuine brand name clothing, VIM has become extremely well-known in selling brand name jeans and sneakers.
18. During this period, Plaintiff was associated with the highest level of quality and reputation, in selling its famous brand name merchandise.
19. As a result of the sales and promotional efforts, VIM has come to be associated exclusively with genuine branded goods.
20. Plaintiff's trademark VIM (hereinafter the "VIM trademark") has become associated in the public mind with such genuine branded goods.
21. Customers, sellers, and potential customers and sellers think of Plaintiff's VIM trademark as indicative of a particular source for genuine top of the line brand name jeans and sneakers at discount prices. At times, because of the large volume, it buys the overflow of other dealers selling genuine goods with famous brands.
22. On information and belief, Defendant knew Plaintiff bought and sold genuine Rocawear jeans. Defendant Mike Bouskila, representing himself and Moshe Bouskila, approached Plaintiff's buyer, Cathy Tiema, in 2006 and informed her that they had genuine Rocawear jeans for sale at low prices. Rocawear is a well known trademark associated with the famous rap artist and businessman Jay-Z (hereinafter the "Rocawear trademark").
23. On information and belief, Defendants' sold the same Rocawear jeans to Plaintiff's competitors. Plaintiff was told to stop selling the counterfeit jeans by Rocawear.
24. Plaintiff received letters from the attorneys for Rocawear stating that the jeans sold to Plaintiff by Defendants were counterfeit. Plaintiff than stopped selling the counterfeit jeans.

3

25. However, on information and belief, Defendant continued to sell the counterfeit Rocawear jeans to Plaintiff's competitors.
26. On information and belief, Plaintiff's competitors were able to sell the jeans at prices below the prices at which Plaintiff could sell genuine Rocawear jeans. These sales by competitors were likely to confuse customers into believing the jeans were low-priced genuine Rocawear jeans.
27. Customers were likely to be diverted from purchasing at VIM stores into purchasing at competitor's stores; which sell counterfeit Rocawear jeans for less money.
28. When Defendants' sold Rocawear jeans to Plaintiff and Plaintiff's competitors, Defendants' asserted that the Rocawear jeans were genuine.
29. On information and belief, at the time of the transactions, Defendants were aware that the Rocawear jeans were counterfeit.
30. On information and belief, Defendants' sale of the very same counterfeit goods to Plaintiff's competitors has caused damage by causing a likelihood of confusion and actual confusion; customers will believe and/or are likely to believe they are buying genuine Rocawear jeans from Defendant's competitors and depriving Plaintiff of sales of such jeans.
31. Customers and potential customers of Plaintiff will not be able to distinguish between Defendants counterfeit Rocawear jeans and the genuine Rocawear jeans Plaintiff sells.

### Count 1
<u>False Designation of Origin and Unfair Competition Under the Lanham Act</u>

32. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.
33. This cause of action arises under the Lanham Act § 1125 for false designation of origin or source and false description or representation.
34. On information and belief, Defendants sold Rocawear jeans to competitors of Plaintiff who were able to sell those counterfeit jeans in a matter that falsely describes the source as Rocawear and falsely described them as genuine Rocawear Jeans.

35. On information and belief, Defendants false representation as to the genuineness of Rocawear jeans were made with the knowledge, by Defendants, that such Rocawear labeled jeans were not genuine.
36. On information and belief Defendants knew that Plaintiff's competitors would sell the counterfeit jeans as legitimate jeans and deprive Plaintiff of those sales.
37. On information and belief, Defendants made the false statements and presented and sold the falsely designated jeans in the marketplace to Plaintiff's competitors to deprive Plaintiff of sales of the same goods.
38. The Defendants actions in selling counterfeit Rocawear jeans will likely cause and has caused Plaintiff's customers and potential customers to be confused as to the source of the counterfeit jeans. Such buyers are likely to believe they are buying Rocawear jeans because they have labels which make them appear to be genuine Rocawear jeans; those sales will deprive Plaintiff of sales because of the confusion of its customers and potential customers.
39. Defendant's sale of counterfeit jeans to Plantiffs' competitors will likely cause potential purchasers to be confused, mistaken and deceived into thinking VIM is selling the same Rocawear jeans as its competitors at higher prices and therefore, be deceived as the source or origin of Defendant's Rocawear products.
40. Defendants' acts have caused confusion and mistake with Plaintiff's customers and have caused damage and injury to Plaintiff's reputation and goodwill because Plaintiff's customers will be deceived into thinking Plaintiff's Rocawear jeans are more expensive than its competitors.
41. As a result of Defendant's false representations, there is a likelihood of confusion and deception and Plaintiff has suffered damage to its goodwill, namely that Plaintiff has acquired an unwanted and unwarranted reputation for selling expensive genuine jeans to customers.
42. On information and belief Defendant has sold the same goods to Plaintiff's competitors and advertised to the ultimate consumers as genuine brand name goods when, in fact, they were counterfeit goods in violation of 18 U.S.C. 2320, et al. (trafficking in counterfeit goods).

43. On information and belief Defendant's sold these counterfeit goods for distribution by Plaintiff's competitors to the ultimate consumers with a false designation of origin indicating that these goods were genuine Rocawear goods. These acts by Defendant deprived Plaintiff of the sale of its genuine goods.

44. Defendant's sale of these goods to Plaintiff's competitor's and the sale and advertisements of these goods to the ultimate consumers by Plaintiff's competitors is likely to cause confusion as to the origin of the goods because of the false advertising of the goods in the minds of the ultimate consumers.

## COUNT II

### Trademark Infringement

45. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

46. This cause of action arises under the Lanham Act as a result of Defendant's use of Plaintiff's VIM trademark (Registration 1,714,524).

47. On information and belief, Defendants stated and implied to its customers and prospective customers, as well as VIM's customers and potential customers that VIM was a satisfied customer and words of like effect of its Roccawear jeans (its counterfeit Rocawear jeans). The statements were part of a sales effort to associate and affiliate Plaintiff with Defendant in Defendant's selling of its counterfeit products including counterfeit Rocawear jeans.

48. Defendants used Plaintiff's famous VIM mark to promote its own business to its customers and potential customers who on information and belief know of VIM and its reputation.

49. On information and belief, the customers and potential customers are likely to believe the association, affiliation or sponsorship by VIM of Defendants counterfeit goods to cause a likelihood of confusion, mistake or deception of the goods of the Defendants.

50. Defendant's acts have caused confusion, damage, injury and a likelihood of confusion as to Plaintiff's use of the VIM mark where the likelihood of confusion

    includes likelihood of confusion as to affiliation, sponsorship and/or endorsement by Plaintiff of Defendant's acts.

51. Upon information and belief, Defendants' acts have been done willfully and intentionally, with full knowledge of Plaintiff's VIM trademark rights.

52. Defendants have improperly sold counterfeit goods with the support of Plaintiff's VIM mark with intention to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate Plaintiff's valuable trademark VIM.

53. These acts of false endorsement by Defendants have caused and are continuing to cause irreparable injury to VIM's reputation and unless the use by Defendants of VIM is restrained, Defendants will continue these acts to the detriment of Plaintiff.

54. Defendants sought to take advantage and engage in unfair competition by using Plaintiff's goodwill associated with the VIM mark.

55. Defendant's acts violate the Lanham Act, and have caused and will cause injury and damage to Plaintiff.

## DEMAND FOR A TRIAL BY JURY

WHEREFORE, Plaintiff demands:

    I. That Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from offering advertising or selling counterfeit goods to Plaintiff or Plaintiff's competitors or falsely representing the source of any goods.

    II. The Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from using the VIM trademark or

implying or stating an association, affiliation, or sponsorship between Defendant and VIM or Plaintiff.

III. That Defendants be required to compensate Plaintiff for all damages sustained by Plaintiff by reason of the acts complained of herein in an amount not less than $3,000,000.00 (three million dollars):

    a. Award Plaintiff damages in an amount for the injuries Plaintiff sustained as a result of Defendants' acts complained of herein.

    b. Award punitive and exemplary damages sufficient to deter Defendants from similar conduct in the future;

    c. Require Defendants to pay Plaintiff for the costs of this action, including Plaintiff's reasonable attorneys' fees; and

    d. Require Defendants to pay to Plaintiff prejudgment and post-judgment interest at the applicable rates on all amounts awarded.

IV. That Defendants be required to disseminate corrective advertising, at Defendants' expense and upon Plaintiff's approval, that informs purchasers, the trade and the public at large that Plaintiff only sells genuine goods and/to require Defendants to pay all costs and expenses including Plaintiff's costs and expenses in producing and disseminating such corrective advertising.

V. That Defendants, within 30 days after service upon them of the judgment, file with the Court and serve upon Plaintiff a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctive provisions of said judgment.

VI. That Plaintiff be accorded such other and further relief as the Court may deem just and proper.

VII. A jury trial is demanded.

Date: July 24, 2008

                                                   FELDMAN LAW GROUP, PC

                                                   BY: /s/

                                                   Stephen E. Feldman (5630)
                                                   Attorneys for the Plaintiff
                                                   12 East 41st Street
                                                   New York, NY 10017
                                                   (212) 532-8585

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FAMOUS HORSE, INC. d/b/a V.I.M. <br><br> Plaintiff <br> v. <br><br> 5TH AVENUE PHOTO, INC., et. al., <br><br> Defendants | ) Case No.: **07 CIV 7818 (WHP)** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF SERVICE

STATE OF New York: COUNTY OF Rockland   ss:

I, David A. Bacharach, being duly sworn, deposes and says; deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **FEBRUARY 26, 2008** at **1:35 PM** at **268 MAIN STREET, PATERSON, NEW JERSEY 07505**, deponent served the within **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT AND JURY DEMAND** on **NJ FRENCH KISS, INC.** defendant therein named.

CORPORATION: A domestic corporation, by delivering thereat a true copy of each to **MARIA HERRERA (Manager)** personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be MANAGING AGENT thereof.

DESCRIPTION: Deponent further states that the description of the person actually served is as follows:

Gender: **Female**   Skin: **Brown**   Hair: **Brown**   Age: **21-35 Yrs.**   Height: **5'4"-5'8"**   Weight: **100-130 Lbs.**

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

David A. Bacharach   Lic. #.:1095841

Subscribed and sworn to before me, a notary public, on this _28th_ day of _FEBRUARY_, 2008.

Notary Public

ALICIA C RAIMONDI
Notary Public - State of New York
NO. 01RA6160026
Qualified in Rockland County
My Commission Expires 1/29/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| FAMOUS HORSE, INC. d/b/a V.I.M.<br><br>　　　　　　Plaintiff<br><br>　　　v.<br><br>5TH AVENUE PHOTO, INC., et. al.,<br><br>　　　　　　Defendants | ) Case No.: **07 CIV 7818 (WHP)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF SERVICE

STATE OF New York: COUNTY OF Rockland    ss:

I, David A. Bacharach, being duly sworn, deposes and says; deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **FEBRUARY 26, 2008** at **1:35 PM** at **268 MAIN STREET, PATERSON, NEW JERSEY 07505**, deponent served the within **SUMMONS IN A CIVIL ACTION, AMENDED COMPLAINT AND JURY DEMAND** on **FLORENTIN FASHIONS, INC.** defendant therein named.

CORPORATION: A domestic corporation, by delivering thereat a true copy of each to **MARIA HERRERA (Manager)** personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be MANAGING AGENT thereof.

DESCRIPTION: Deponent further states that the description of the person actually served is as follows:

Gender: **Female**　Skin: **Brown**　Hair: **Brown**　Age: **21-35 Yrs.**　Height: **5'4"-5'8"**　Weight: **100-130 Lbs.**

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

　　　　　　　　　　　　　　　　　　　　　　　　　　David A. Bacharach    Lic. #.:1095841

Subscribed and sworn to before me, a notary public, on this ___28th___ day of ___FEBRUARY___, 2008.

_____
Notary Public

ALICIA C RAIMONDI
Notary Public - State of New York
NO. 01RA6160026
Qualified in Rockland County
My Commission Expires 1/29/11

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing **MOTION UNDER RULE 59** was duly sent on July 24, 2008 via First Class Mail to Mr. Jeffrey S. Dweck, Esq., 100 West 33rd Street, Suite 1017, New York, New York 10001.

*/s/ Marcos T. Feliciano*
Marcos T. Feliciano

STEPHEN E. FELDMAN, P.C.
Attorneys for Plaintiff
12 East 41st Street
New York, New York 10017