UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

FAMOUS HORSE INC. d/b/a V.I.M

    Plaintiff,   :   No. 07 CIV 7818 (WHP)

v.   :

5th AVENUE PHOTO INC., M&B SUIT  :   THIRD AMENDED COMPLAINT
WAREHOUSE, INC., I D-DEALZ, INC.,    (JURY DEMAND)
N J FRENCH KISS, INC., FLORENTIN  :
FASHIONS, INC., MIKE BOUSKILA   :
and MOSHE BOUSKILA

    Defendants.   :

_____X

## THIRD AMENDED COMPLAINT

Plaintiff, Famous Horse INC. d/b/a VIM (hereafterby and through its attorneys, and for its complaint against Defendants allege, on knowledge as to Plaintiff and otherwise upon information and belief, as follows:

### Nature of Action

1. This is an action for violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.§§1114,1125 for: and related causes of action.

### Jurisdiction

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S. C. § 1338 with respect to the claims arising under the Lanham Act.

1

3.      Venue is proper in the United States District Court for the Southern District of New York under U.S.C. § 1391 (b) and (c). This is the judicial district where a substantial part of the events or omissions giving rise to the claims in this action took place.

### The Parties

4.      Plaintiff Famous Horse Inc. d.b.a. V.I.M. (VIM) is a corporation organized under and by virtue of the laws of the State of New York with an office at 164-01 Jamaica Ave., Jamaica, N.Y. 11432.

5.      Plaintiff runs a chain of over thirty very successful brand name jean and sneaker retail stores throughout the New York area.

6.      Plaintiff's reputation is based on offering name brand apparel at low prices.

7.      Plaintiff is specifically known for selling only genuine branded goods.

8.      On information and belief, 5th Avenue Photo, Inc. ("5th Ave") is a New York corporation with its principal place of business at 402 Fifth Ave. New York, NY 10018. 5th Avenue is principally in the business of selling cameras and film but purportedly invoices jeans through Defendant M&B Warehouse and/or Defendant ID Dealz which on information and belief reflect sales from the New Jersey Defendants and the individual Defendants.

9.      On information and belief, Defendant M&B Suit Warehouse, Inc. (M&B) lists 402 Fifth Avenue, NY 10018 and is corporation organized in the State of New York.

10.     On information and belief, Defendant ID Dealz, Inc. (ID) is a corporation duly organized under the laws of the State of New York, with no known place of business but is located at 1450 East 7th Street, Brooklyn, NY 11230.

11.     On May 11, 1999, Florentin Fashions ("Florentin") was incorporated in New Jersey with Defendant Moshe Bouskila as the principal registered officer and agent. One month later, on

2

June 16, 1999, the Paterson, New Jersey apparel store Florentin Fashions was renamed N J French Kiss, Inc. and incorporated with the registering Agent listed as Sabi Chata, although on information and belief Defendant Moshe Bouskila is the true owner and Florentin Fashions is operating from the same location. Florentin Fashions and N J French Kiss are hereinafter designated "The New Jersey Defendants."

12. On information and belief, Defendant N J French Kiss, Inc. ("French Kiss") is a New Jersey corporation with its principal place of business located at 268 Main Street, Paterson, NJ 07505.

13. On information and belief its operating location, if any, is the same New Jersey location as Florentin Fashions, Inc. and N J French Kiss, Inc. Florentin Fashions and/or Defendant French Kiss, its successor in New Jersey, both sold and presently sell clothing.

14. On information and belief, 5th Avenue Photo, Inc. ("5th Ave") is a New York corporation with its principal place of business at 402 Fifth Ave. New York, NY 10018. 5th Avenue is principally in the business of selling cameras and film but purportedly invoices jeans through Defendant M&B Warehouse and/or Defendant ID Dealz which on information and belief reflect sales from the New Jersey Defendants and the individual Defendants.[1]

15. The New Jersey Defendants and their owners are the only Defendants that sold and are selling clothing and especially jeans, which they do at their stores located in New Jersey.

16. On information and belief, the prime entities which sold Plaintiff the counterfeit jeans in this case were the New Jersey defendants and their owner Moshe Bouskila.

---

[1] As of the filing of this Third Amended Complaint, Defendants Fifth Avenue Photo, M&B Warehouse and ID DEALZ have been dissolved by the State of New York for failure to pay taxes in 2009. However, Defendant Fifth Avenue Photo continues operate and conduct business at 402 Fifth Avenue New York NY 10018.

3

17. On information and belief, Defendant Moshe Bouskila ("Moshe Bouskila") is a principal of 5th Avenue, M&B, ID, Florentin and French Kiss and several additional corporations, having an address of 286 Main Street, Paterson, New Jersey 07505.

18. On information and belief, Defendant Mike Bouskila ("Mike Bouskila") is a principal of 5th Ave, M&B, ID and Florentin having an address of 1450 East 7th Street, Brooklyn, NY 11230.

19. Defendants Moshe Bouskila and Mike Bouskila are the principals of 5th Ave, M&B and ID, Florentin and French Kiss, and were the conscious moving force behind this matter.

20. Upon information and belief, Defendant Moshe Bouskila has been using as many as four separate social security numbers for various purposes. One of the numbers belongs to his spouse or ex-spouse.

21. Upon information and belief, Defendant Moshe Bouskila is also known as (a.k.a.) Morris Bouskila.

## STATEMENTS OF FACTS

22. VIM has been continuously distributing, displaying, promoting and selling genuine brand clothing since it started.

23. As a result of the foregoing sales and promotional efforts, clothing for VIM has come to be associated with genuine branded goods.

24. The trademark VIM (hereinafter the "VIM trademark") has become associated in the public mind with such genuine branded goods and Plaintiff's distinctive services in selling them.

25. Plaintiff has become famous for its trade dress: large sparsely adorned stores with simple displays selling principally genuine top of the line brand name sneakers and jeans at very low prices (hereinafter the "VIM trade dress").

26. Plaintiff has promoted and advertised the trade dress and the public has come to recognize such dress as indicating Plaintiff as the source of the particular services and products described.

27. Customers, sellers, and potential customers and sellers think of Plaintiff's trade dress as indicative of this particular source for genuine top of the line brand name jeans and sneakers.

28. Defendant Mike Bouskila, representing himself and Moshe Bouskila, approached Plaintiff's buyer, Ms. Tiema, in 2006 and informed her that they had genuine Rocawear jeans for sale at low prices. Rocawear is a well known trademark associated with the famous rap artist and businessman Jay-Z (hereinafter the "Rocawear trademark").

29. The Rocawear Trademark, the VIM Trademark and the VIM trade dress are hereinafter referred to collectively as "the Marks".

30. Plaintiff was suspicious of dealing with Mr. Bouskila and his companies, including Florentin, since they had previously sold them counterfeit North Face goods in 2004.

31. Plaintiff Ms. Tiema reassured Plaintiff's lawyer that the jeans were purchased from overstocked distributors of Rocawear and identified the suppliers.

32. There was reason to believe the goods were genuine. Defendants' were aware of Plaintiff's reputation for purchasing and selling only genuine articles of merchandise.

33. Defendants' knew that Plaintiff would refuse to purchase the Rocawear jeans if they knew or suspected that the jeans were not genuine.

34. Defendants' asserted both orally and in writing that the jeans were genuine.

35. Plaintiff, through Ms. Tiema, bought the alleged Rocawear jeans from Defendants.

36. On information and belief, at the time of the transaction with Plaintiff, Defendants were aware that the jeans were not genuine and were counterfeit.

37. Defendants never informed Plaintiff that the jeans were not genuine. In bad faith Defendants informed Plaintiff that the jeans were in fact genuine.

38. Defendants delivered three orders of jeans to Plaintiff on three separate occasions. On each occasion the Defendants represented that the jeans were genuine Rocawear goods. The orders amounted to hundreds of thousands of dollars.

39. On information and belief, Defendants were aware that Plaintiff would rely on their statements and numerous representations that the goods at issue were genuine.

40. Plaintiff relied on Defendants' false and fraudulent representations and proceeded to sell these non genuine goods in their stores.

41. In September 2006, Plaintiff received a letter from the attorneys for Rocawear stating that the jeans sold to Plaintiff by Defendants were counterfeit..

42. Plaintiff argued, explaining that the supplier (Defendant) affirmatively stated the jeans were genuine. Plaintiff's counsel negotiated with Rocawear for months at Plaintiff's expense. Plaintiff demanded detailed explanation and evidence from Rocawear that the jeans were counterfeit. Over several months of negotiation, Rocawear provided detailed explanation and evidence to that effect.

43. Plaintiff has preplanned selling space in each store for goods.

44. Plaintiff maintains no inventory reserves in its stores other than the inventory on its selling floors.

45. As a result of Defendant's fraudulent misrepresentations, Plaintiff was forced to remove the allegedly counterfeit jeans from its selling floors leaving vacant space in its stores. There is no way that replacement goods could be obtained before the pre-established date for delivery of the goods.

46.     As a result of unknowingly selling these allegedly non genuine goods, Plaintiff has caused customers and potential customers to believe it now sells counterfeit goods.

47.     Defendants have falsely stated to customers, potential customers, suppliers and potential suppliers of both Defendants and Plaintiff, that Plaintiff is a satisfied customer of Defendants, and that they are associated with the marks.

48.     Defendants' sold the same counterfeit Rocawear jeans to competitors of Plaintiff.

49.     The sales of Rocawear jeans by Plaintiff's competitors deprived Plaintiff of such sales.

**Count 1**
**False Designation of Origin**

50.     Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

51.     This cause of action arises under the Lanham Act § 1125 for false designation of origin.

52.     Defendants falsely represented to Plaintiff that the origin of the goods sold to Plaintiff were genuine Rocawear jeans and previously in 2004 that the goods sold to Plaintiff were genuine North Face jeans.

53.     On information and belief, Defendants' false representation as to the genuineness of the North Face and Rocawear jeans were made with the knowledge, by Defendants, that the North Face and Rocawear jeans were not genuine.

54.     Defendants knew that Plaintiff had a reputation of only selling genuine goods, and would only purchase genuine goods.

55.     Defendants made the false statements and presented the falsely designated goods in an effort to induce Plaintiff to purchase the counterfeit Rocawear and North Face goods.

56.     Defendant's sale of counterfeit jeans to Plaintiff caused and will cause purchasers to believe Plaintiff is now selling counterfeit jeans.

57. Defendants' acts have caused confusion and mistake with Plaintiff's customers and suppliers and have caused damage and injury to Plaintiff's reputation and good will.

58. As a result of Defendant's false representations, Plaintiff has suffered damage to its goodwill, namely that Plaintiff has acquired an unwanted and unwarranted reputation for selling counterfeit jeans to customers.

59. Defendants' have sold the same goods to Plaintiff's competitors which Plaintiff's competitors has sold and advertised as legitimate brand name goods when they were counterfeit goods in violation of 15 USC 1127.

60. Defendants' sale of these goods to Plaintiff's competitors and sale and advertising by those competitors to the ultimate customers was likely to cause confusion as to the origin of the goods and as to false advertising.

## COUNT II
## TRADEMARK INFRINGEMENT

61. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

62. This cause of action arises under the Lanham Act as a result of Defendant's use of Plaintiff's VIM trademark (Registration 1,714,524).

63. On information and belief, Defendants stated and implied to its customers and prospective customers, as well as VIM's customers and potential customers, and used the VIM trademark to advertise that VIM was a satisfied customer of its services and Rocawear jeans.

64. Defendant used Plaintiff's respected mark VIM and the VIM Trade Dress to promote its own business.

65. Defendant's acts have caused confusion, damage, injury, and a likelihood of the confusion persisting as to Plaintiff's VIM mark.

8

66. Upon information and belief, Defendants' acts have been done willfully and intentionally, with full knowledge of Plaintiff's trademark rights.

67. Defendants have improperly sold counterfeit goods with the support of the marks with intention to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate valuable trademark rights.

68. Defendant's said acts violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT III
## UNFAIR COMPETITION

69. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

70. Plaintiff has never authorized Defendants to sell clothing under the Rocawear mark.

71. Upon information and belief, Defendants' act of selling counterfeit clothing under the trademark and trade dress of the VIM mark has been done willfully and intentionally, with full knowledge of Rocawear's trademark rights and potential damage to Plaintiff.

72. Defendant's continuation of infringing acts have caused and will cause confusion, deception, irreparable harm and injury to Plaintiff, its customers and suppliers, and Plaintiff has no adequate remedy at law.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

73. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

74. This cause of action arises under the law of the States of New York and New Jersey.

75. Defendants have affixed, applied and used in connection with the sale of goods, representations of the trademark Rocawear and have caused such goods to enter into commerce in the United States, and the States of New York and New Jersey, to Plaintiff's detriment.

76. Defendants have improperly sold goods bearing the Rocawear mark with the intent to cause confusion and mistake, to deceive and mislead the purchasing public and to improperly appropriate the valuable trademark rights of Rocawear and goodwill of Plaintiff.

77. The acts Plaintiffs describe herein were undertaken without permission, license or consent of the rightful owners of the trademark and are damaging to the Plaintiff.

78. Plaintiff has no adequate remedy at law and is suffering irreparable harm.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

79. Every paragraph of this Complaint is hereby incorporated into this count as if separately stated herein.

80. As a result of Defendant's improper sales in the United States of counterfeit goods, the purchasing public is likely to buy Defendant's products in the erroneous belief that they are authorized or endorsed by the Plaintiff.

81. Upon information and belief, Defendants have intentionally misappropriated the marks with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the goods and with the intent to unfairly profit from Plaintiff's unsuspecting goodwill.

82. As a result, of the foregoing, defendant's actions constitute unfair competition which has had, and will continue to have, a detrimental effect on the general consuming public in violation of the common law of the States of New York and New Jersey.

## COUNT IV
## BREACH OF CONTRACT

83. Plaintiff repeats and realleges the allegations contained in paragraph 1 through 71 as though fully set forth herein.

84. This cause of action arises under New York state law for Defendants' breach of their obligations as required under the purchase orders for the jeans.

85. Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.

86. Defendants sold Plaintiff counterfeit goods in breach of the Famous Horse Purchase Order Terms and Conditions and represented an warranted that that Defendants' counterfeit goods are original, authentic and genuine work of Rocawear.

87. Defendants agreed to supply only genuine goods to Plaintiff.

88. Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.

89. Defendant supplied Plaintiff with counterfeit goods.

90. Plaintiff performed its obligation of the contract and purchased the counterfeit jeans from Defendants.

91. Defendant breached their obligation as a result of their supplying non genuine goods to Plaintiff.

92. Defendant's acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.

93. Plaintiff is entitled to a sum of over $270,000

## COUNT IV
## BREACH OF DEFENDANT'S OBLIGATIONS UNDER UCC § 2-312

94. Plaintiff repeats and realleges the allegations contained in the forgoing paragraphs 1 through 79 as though fully set forth herein.

11

95.     This cause of action arises under New York State law for Defendants' breach of their obligations under UCC § 2-312.

96.     Defendants are, and have been for the duration of the actions complained of herein, merchants of apparel and apparel-related goods.

97.     Defendants asserted to Plaintiff orally and in writing that the goods at issue were genuine.

98.     Defendants supplied Plaintiff with non genuine goods.

99.     Defendants breached their obligations under the UCC Warranty of Title and Against Infringement, namely that the goods were free from any rightful claims of trademark infringement.

100.    Defendants' acts have caused damage and injury to Plaintiff, including but not limited to monetary damage and damage to Plaintiff's goodwill.

101.    By reason of the foregoing, Plaintiff is entitled to damages in the amount of $270,000.

## DEMAND FOR A TRIAL BY JURY

WHEREFORE, Plaintiff demands:

    I. That Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily enjoined and restrained from offering advertising or selling counterfeit goods to Plaintiff or Plaintiff's competitors falsely representing the source of or any goods to Plaintiff and its customers and potential customers.

    II. The Defendants, including their officers, agents, employees, servants, privies, successors and assigns, and all persons and organizations in active concert, participation and combination with them, be permanently and preliminarily

enjoined and restrained from using the VIM trademark or trade dress. Until Defendants are enjoined from further misappropriation of Plaintiff's goodwill, Plaintiff will suffer substantial, ongoing and irreparable harm.

III. That Defendants be required to compensate Plaintiff for all damages sustained by Plaintiff by reason of the acts complained of herein and that the Court, in an amount to be determined through discovery and at trial:

   a. Award Plaintiff damages in an amount for the injuries Plaintiff sustained as a result of Defendants' acts complained of herein.

   b. Award punitive and exemplary damages sufficient to deter Defendants from similar conduct in the future;

   c. Require Defendants to pay Plaintiff for the costs of this action, including Plaintiff's reasonable attorneys' fees; and

   d. Require Defendants to pay to Plaintiff prejudgment and post-judgment interest at the applicable rates on all amounts awarded.

IV. That Defendants be required to disseminate corrective advertising, at Defendants' expense and upon Plaintiff's approval, that informs purchasers, the trade and the public at large that Plaintiff only sells genuine goods and/to require Defendants to pay all costs and expenses including Plaintiff's costs and expenses in producing and disseminating such corrective advertising.

V. That Defendants, within 30 days after service upon them of the judgment, file with the Court and serve upon Plaintiff a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctive provisions of said judgment.

VI. That Plaintiff be accorded such other and further relief as the Court may deem just and proper.

Date: January 28, 2011

FELDMAN LAW GROUP, PC

BY: *Kalpana Nagampalli*

Kalpana Nagampalli (KN-2807)
Stephen E. Feldman (SEF-5630)
Feldman Law Group
Attorneys for the Plaintiff
220 East 42nd Street
New York, NY 10017
Telephone: (212) 532-8585
Facsimile: (212) 532-8598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X
FAMOUS HORSE INC. d/b/a V.I.M
                                :
         Plaintiff,             :        No. 07 CIV 7818 (WHP)
                                :
v.                              :
                                :        ECF Case
                                :
5th AVENUE PHOTO INC., M&B SUIT :
WAREHOUSE, INC., I D-DEALZ, INC.,
N J FRENCH KISS, INC., FLORENTIN :
FASHIONS, INC., MIKE BOUSKILA
and MOSHE BOUSKILA
                                :

         Defendants.            :
_____X

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2011, Plaintiff Famous Horse Inc. filed a true and correct copy of the THIRD AMENDED COMPLAINT by using the Electronic Case Filing System and served a true and correct copy by hand on:

**Jeffrey S. Dweck**
The Law Firm of Jeffrey S. Dweck, P.C.
100 West 33rd Street, Suite 1017
New York NY 10001
(Counsel for 5th Avenue Photo, Inc., M&B Suit Warehouse, Inc.,
I D-Dealz, Inc., Mike Bouskila and Moshe Bouskila)

Stephen E. Feldman (SF-5630)         Nupur Shah
Kalpana Nagampalli (KN-2807)         Feldman Law Group P.C.
Feldman Law Group P.C.               220 E 42nd Street
220 E 42nd Street                    New York NY 10017
New York NY 10017